Cleveland Roy WILLIAMS, Appellant,

v.

UNITED STATES of America,
Appellee.

Donald L. DAVIS, Appellant,

v.

UNITED STATES of America,
Appellee.

Christy ZOUMAH, Appellant,

v.

UNITED STATES of America,
Appellee.

Nos. 7387, 7388, 7390.

United States Court of Appeals
Tenth Circuit.

Oct. 10, 1963.

Rehearing Denied in No. 7388,
Nov. 11, 1963.

Stephen T. Susman, Denver, Colo., for appellants.

Benjamin E. Franklin, Asst. U. S. Atty. (Newell A. George, U. S. Atty., with him on brief), for appellee.

Before MURRAH, Chief Judge, and PHILLIPS and PICKETT, Circuit Judges.

PER CURIAM.

In these three cases, each of the petitioners is in custody within the District of Kansas, under Federal sentence imposed in another jurisdiction. Each petitioner asserts the availability of a writ of habeas corpus (28 U.S.C. § 2241) to test the validity of his respective sentence, on the ground that the remedy by motion under 28 U.S.C. § 2255 is "inadequate or ineffective." The cases were consolidated on appeal for oral argument by appointed counsel, but the common question in each case will be considered upon its own facts.

NO. 7387

This is the second habeas corpus proceedings before this court, wherein the appellant Williams has sought release from a sentence imposed by the United States District Court for the District of Idaho. We denied the relief sought in the previous proceedings, on the ground that the issues raised were within the exclusive jurisdiction of the Idaho sentencing court. See: Williams v. United States, 10 Cir., 283 F.2d 59. It also appears

that the same contentions have been twice unsuccessfully presented to the Idaho court in motions under § 2255. See: Williams v. United States, 9 Cir., 296 F.2d 216, cert. den., 368 U.S. 997, 82 S.Ct. 621, 7 L.Ed.2d 534. In the present proceedings, the Kansas Court referred to the previous denial of relief in habeas corpus, based on the same contentions, and denied appellant's application to proceed in forma pauperis on the ground that this proceedings "presents nothing new." Out of an abundance of precaution, we granted leave to proceed in forma pauperis, and the case is here on the contention that since proceedings under § 2255 have been unsuccessfully exhausted, the remedy afforded thereunder is inadequate and ineffective.

### NO. 7388

This is an appeal from an order denying leave to proceed in forma pauperis, wherein appellant Davis has, for the second time, lodged a petition for writ of habeas corpus, seeking a release from a sentence imposed by the United States District Court for the Eastern District of Michigan. The Kansas Court reviewed the record and observed that Davis had apparently unsuccessfully sought similar relief by motion in the sentencing court under § 2255, but held that, in any event, habeas corpus was unavailable. Davis contends on appeal that since there is no indication that the sentencing court would entertain another motion under § 2255, the remedy afforded under that Section is inadequate and ineffective, and habeas corpus was, therefore, an available remedy. We granted leave to proceed in forma pauperis to conclusively resolve the issue.

### NO. 7390

This is an appeal from an order denying leave to proceed in forma pauperis, in a habeas corpus proceedings, wherein appellant Zoumah seeks release from a sentence imposed by the United States District Court for the Northern District of Illinois. The Kansas Court held that, " * * * if petitioner seeks to challenge the sentence which was imposed upon him

by the Illinois court, he must do so in that court under 28 U.S.C., § 2255, and not in this court by habeas corpus." The appellant's contention on appeal is that § 2255 is inadequate and ineffective to test the validity of his sentence, in that the sentencing court is allowed to hear the motion without petitioner's presence, whereas the § 2241 writ of habeas corpus would properly bring the prisoner before the nearest court for determination of the factual issues raised by his petition. We granted leave to proceed in forma pauperis to conclusively resolve the issue presented.

The essence of the contentions of both Williams and Davis is that, having unsuccessfully exhausted their remedies under § 2255, the writ of habeas corpus is an additional remedy to test the same cause for detention. Zoumah's contention, with respect to the inadequacy and ineffectiveness of remedy under § 2255, is based on the assumption that he will not be accorded an opportunity to appear in the sentencing court, for hearing on the factual issues raised by his petition under § 2255.

The conclusive answer to the contention in each of these cases is simply that habeas corpus is not an additional, alternative, or supplemental remedy, to the relief afforded by motion in the sentencing court under § 2255. The remedy under § 2255 is " * * * exactly commensurate with that which had previously been available by habeas corpus * * *." Sanders v. United States, 373 U.S. 1, 14, 83 S.Ct. 1068, 1076, 10 L.Ed.2d 148; citing Hill v. United States, 368 U.S. 424, 82 S.Ct. 468, 7 L.Ed.2d 417. As so construed and applied, its constitutionality is no longer open to question. See: Sanders v. United States, ibid., and United States v. Hayman, 342 U.S. 205, 72 S.Ct. 263, 96 L.Ed. 232. And, as such commensurate remedy, it supplants habeas corpus, unless it is shown to be inadequate or ineffective to test the legality of the prisoner's detention. "Failure to obtain relief under § 2255 does not establish that the remedy so provided is either inadequate or ineffective." Overman v.

United States (10 C.A.), 322 F.2d 649 (Sept. Term). See: Barrett v. United States (10 C.A.), 285 F.2d 758; Moore v. Taylor (10 C.A.), 289 F.2d 450, cert. den., 368 U.S. 853, 82 S.Ct. 90, 7 L.Ed.2d 51; Sanchez v. Taylor (10 C.A.), 302 F.2d 725; and Oughton v. United States (10 C.A.), 310 F.2d 803. The remedy provided under § 2255 is adequate and effective to test the legality of each of the sentences in these cases. We will certainly not assume that upon proper motion by appellant Zoumah, the sentencing court will fail to accord a full and fair hearing, contemplated by § 2255, simply because of geographical inconvenience. Black v. United States (10 C.A.), 301 F.2d 418, cert. den., 370 U.S. 932, 82 S.Ct. 1618, 8 L.Ed.2d 832.

The several judgments in the cases are affirmed.