to make that earlier device more readily attachable to the basic structure with which it was designed to cooperate to produce a vibrating chair or bed. We see no need to elaborate upon the District Court's fully and carefully reasoned opinion. D.C., 232 F.Supp. 372.

Judgment will be entered affirming the judgment of the District Court dismissing count one of the plaintiff's complaint.

MAGIC FINGERS, INC., Plaintiff, Appellant,

v.

Robert E. AUGER et al., Defendants, Appellees.

No. 6408.

United States Court of Appeals
First Circuit.

Dec. 30, 1964.

S. C. Yuter, New York City, with whom Glass & Greenapple, New York City, was on brief, for appellant.

Robert H. Rines, Boston, Mass., with whom Rines & Rines, Boston, Mass., was on brief, for appellees.

Before WOODBURY, Chief Judge, ALDRICH, Circuit Judge, and CAFFREY, District Judge.

PER CURIAM.

The very most that can be said for the appellant's patent is that it discloses a mere mechanic's adaptation of a device in public use and on sale more than a year before the patent was applied for

Earnest James COX, Appellant,

v.

UNITED STATES of America,
Appellee.

No. 7835.

United States Court of Appeals

Tenth Circuit.

Dec. 8, 1964.

Rehearing Denied Jan. 13, 1965.

William D. Rustin, of Ross, Holtzendorff & Hurd, Oklahoma City, Okl., for appellant.

Benjamin E. Franklin, Asst. U. S. Atty. (Newell A. George, U. S. Atty., on brief), for appellee.

Before MURRAH, Chief Judge, and PICKETT and SETH, Circuit Judges.

PER CURIAM.

All of the matters raised in this habeas corpus proceedings are cognizable in the sentencing court on motion under 28 U.S.C. § 2255. The trial Court correctly so held and its judgment is affirmed. See: Williams v. United States (10 CA), 323 F.2d 672.