F I L E D
United States Court of Appeals
Tenth Circuit

MAR 14 1997

PATRICK FISHER
Clerk

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

WILLIAM MICHAEL FURMAN,

        Petitioner - Appellant,

v.

J. W. BOOKER, Warden, FCI, Florence,
Colorado,

        Respondent - Appellee.

No. 96-1430

D. Colorado

(D.C. No. 96-Z-748)

**ORDER AND JUDGMENT**[*]

Before **ANDERSON**, **HENRY**, and **BRISCOE**, Circuit Judges.

    After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

    William Michael Furman appeals the district court's order dismissing without prejudice his petition for a writ of habeas corpus under 28 U.S.C. § 2241. The district

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

court, adopting the magistrate judge's recommendation, dismissed the petition for lack of jurisdiction and held that Furman was required to seek relief under 28 U.S.C. § 2255 before the sentencing court. We affirm.

Mr. Furman alleged in his petition and various other filings in the district court that his convictions in the Eastern District of Louisiana and the District of New Mexico were void for lack of jurisdiction, and sought immediate release from confinement. The magistrate judge ordered Furman to show cause why he should not be required to file the petition under 28 U.S.C. § 2255. Furman filed some documents, none of which were responsive to the show cause order, and the magistrate judge recommended dismissal. Furman then made numerous filings in the district court. The district court liberally construed these documents as objections to the magistrate judge's recommendation, found none responsive, and dismissed Furman's petition.

We review de novo the district court's dismissal of Furman's habeas petition. See Bradshaw v. Story, 86 F.3d 164, 166 (10th Cir. 1996). In his appellate brief, Furman alleges various violations in his prosecutions and convictions, and argues that the New Mexico and Louisiana district courts "lacked jurisdiction to adjudicate the matters alleged" against him. Appellant's Br. at 20.[1]

---

[1]In his appellate brief, Mr. Furman alleges, without factual support, that he has been denied access to a constitutionally acceptable law library. This argument was arguably raised below, also without support. This argument is conclusory, unsupported and without merit. See United States v. Fisher, 38 F.3d 1144, 1147 (10th Cir. 1994).

Section 2255 prohibits the district court from entertaining an application for a writ of habeas corpus on behalf of a prisoner who is authorized to apply for relief under section 2255 "if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255; see also Bradshaw, 86 F.3d at 166. If section 2255 is inadequate or ineffective, then a prisoner may proceed with a petition for writ of habeas corpus under 28 U.S.C. § 2241. See Williams v. United States, 323 F.2d 672, 673 (10th Cir. 1963).

Mr. Furman attacks the jurisdiction of the sentencing courts, the U.S. District Courts for the Eastern District of Louisiana and the District of New Mexico, but has not applied to those courts for relief. Furthermore, nothing in the record leads us to conclude that the remedy under section 2255 is inadequate or ineffective. Construing his pro se appeal liberally as we must, Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991), Mr. Furman has failed to meet the requirements of section 2255.[2]

---

[2]We deny Furman's motions entitled, "Motion to Consolidate Appeal from U.S.D.C.'s Order of Dismissal on August 28, 1996, Into No. 96-1283 and for Expedited Hearing," and "Objection and First Amendment Rights Petition to the U.S. Court of Appeals for the Tenth Circuit Sitting In Common Law to Redress Grievances of Fraud on and by the Court." Both documents contain various rambling and unintelligible arguments, including a claim that the district court, the Clerk of the Tenth Circuit, and others committed fraud by using secret language in the records and not treating him as a Christian man under the common law. These arguments are wholly without merit.

For the foregoing reasons, and those ably set forth in the magistrate judge's recommendation and district court's order, we AFFIRM the district court's order dismissing without prejudice his petition for writ of habeas corpus under 28 U.S.C. § 2241.

ENTERED FOR THE COURT


Stephen H. Anderson
Circuit Judge