F I L E D
United States Court of Appeals
Tenth Circuit

DEC 8 1997

PATRICK FISHER
Clerk

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

DAVID RHODES,

      Petitioner-Appellant,

v.

PAGE TRUE, Warden, USP -
Leavenworth,

      Respondent-Aappellee.

No. 97-3191
(D.C. No. 97-CV-3133)
(D. Kan.)

**ORDER AND JUDGMENT**[*]

Before **BRORBY, EBEL** and **KELLY**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

this appeal. *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore

ordered submitted without oral argument.

---

[*] This order and judgment is not binding precedent except under the
doctrines of law of the case, *res judicata* and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Petitioner David Rhodes, an inmate at the United States Penitentiary, Leavenworth, Kansas, appearing *pro se*, brought a habeas corpus petition under 28 U.S.C. § 2241, alleging he received ineffective assistance of counsel during criminal proceedings conducted in the United States District Court for the District of Nevada and was erroneously denied an evidentiary hearing related to that claim. The United States District Court for the District of Kansas dismissed the petition, holding that Mr. Rhodes was abusing the writ by raising the same issues he unsuccessfully asserted in previous 28 U.S.C. § 2255 actions. Mr. Rhodes now appeals and we affirm.

Mr. Rhodes was convicted on various drug related charges and the conviction was affirmed by the Ninth Circuit Court of Appeals. *See United States v. Rhodes*, 782 F.2d 1055 (No. 85-1105) (9th Cir. Jan 15, 1986) (unpublished decision). Mr. Rhodes then filed his first motion under § 2255. Mr. Rhodes alleged he was denied effective assistance of counsel because his attorney failed to secure the presence of a defense witness, purported co-conspirator Stanley Donaldson, and allegedly made detrimental admissions in oral argument. The district court denied both Mr. Rhodes motion and his request for an evidentiary hearing on the ineffectiveness of counsel claims. The Ninth Circuit affirmed.

*See United States v. Rhodes*, 782 F.2d 1055 (No. 86-2961) (9th Cir. July 28, 1988) (unpublished decision).

In his second motion under 28 U.S.C. § 2255, Mr. Rhodes alleged prosecutorial misconduct based on the government's alleged failure to disclose information related to the Rule 35 motions for reduction of sentence made by certain witnesses for the prosecution.  He further claimed the district court erred at his trial by refusing to admit into evidence an out-of-court statement by Stanley Donaldson.[1]  The district court denied Mr. Rhodes' motion and the Ninth Circuit affirmed.  *See United States v. Rhodes*,  959 F.2d 243 (No. 90-15118) (9th Cir. Apr. 9, 1992) (unpublished decision).

In his third motion under § 2255, Mr. Rhodes again raised the issue of his trial counsel's admissions in closing argument and failure to call Stanley Donaldson as a witness.  Conceding these issues had been raised in his earlier motions, Mr. Rhodes contended they were never adjudicated.  The district court dismissed his motion as successive and an abuse of the writ, and the Ninth Circuit

---

[1]  In his first § 2255 motion, Mr. Rhodes alleged his attorney provided ineffective assistance by failing to take appropriate steps to subpoena this same co-conspirator.

affirmed. *See United States v. Rhodes*, 21 F.3d 1115 (No. 93-16798) (9th Cir. Mar. 29, 1994) (unpublished decision).

Mr. Rhodes then petitioned the district court pursuant to 28 U.S.C. § 2241, alleging the § 2255 remedy was inadequate. Mr. Rhodes reiterated his claim of ineffective assistance of counsel, his request for an evidentiary hearing, and his allegation that his § 2255 motions were not determined on the merits. The district court rejected Mr. Rhodes' argument and dismissed the petition, concluding the § 2241 action was merely an improper attempt by Mr. Rhodes to obtain further review of previously adjudicated claims.

We review the district court's dismissal of Mr. Rhodes' habeas corpus petition *de novo*. *Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996). A habeas corpus petition pursuant to 28 U.S.C. § 2241 is not intended as an additional, alternative, or supplemental remedy to that afforded by 28 U.S.C. § 2255. *Williams v. United States*, 323 F.2d 672, 673 (10th Cir. 1963), *cert. denied*, 377 U.S. 980 (1964). For federal inmates like Mr. Rhodes, the § 2255 remedy "supplants habeas corpus, unless it is shown to be inadequate or ineffective to test the legality of the prisoner's detention." *Id.*

Mr. Rhodes failure to obtain relief through a series of § 2255 motions in and of itself does not establish the inadequacy or ineffectiveness of the remedy. *See id*. Contrary to Mr. Rhodes assertions, the record demonstrates the claims contained in his § 2255 motions have been fully and fairly adjudicated on the merits. Thus, Mr. Rhodes cannot bring this action pursuant to § 2241 because he has failed to demonstrate that § 2255 is inadequate to test the legality of his detention.

Accordingly, we **AFFIRM** the dismissal of the petition.

**Entered for the Court**

**WADE BRORBY**
United States Circuit Judge