F I L E D
United States Court of Appeals
Tenth Circuit

MAY 22 2000

PATRICK FISHER
Clerk

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

HUBBARD BELL, JR.,

      Petitioner-Appellant,

v.

AL HERREREA,

      Respondent-Appellee.

No. 99-1486
(D.C. No. 99-Z-1808)
(D. Colo.)

---

**ORDER AND JUDGMENT** *

---

Before **BRORBY** , **ANDERSON** , and **MURPHY** , Circuit Judges.

---

      After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

      Hubbard Bell, Jr. was convicted in the United States District Court for the Northern District of Texas of conspiracy by possession with intent to distribute

---

\*     This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

cocaine and possession with intent to distribute base. He is presently confined in the Federal Correctional Institution at Florence, Colorado. He filed this pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 in the federal district court in Colorado challenging his conviction. The district court dismissed the petition, ruling that Bell could not proceed under § 2241 because § 2255 was the appropriate remedy. Bell appeals and we affirm.

Normally, "[a] petition under 28 U.S.C. § 2241 attacks the execution of a sentence rather than its validity and must be filed in the district where the prisoner is confined. A 28 U.S.C. § 2255 petition attacks the legality of detention, and must be filed in the district that imposed the sentence." Haugh v. Booker, No. 99-3333, 2000 WL 377811, *1 (10th Cir. Apr. 12, 2000) (quoting Bradshaw v. Story, 86 F.3d 164, 166 (10th Cir.1996)). Only if there is a showing that § 2255 is "inadequate or ineffective" to challenge the validity of a judgment or sentence may a prisoner petition for such a remedy under 28 U.S.C. § 2241. Id. (quoting § 2255). Section 2241 " is not an additional, alternative, or supplemental remedy to 28 U.S.C. § 2255." Bradshaw, 86 F.3d at 166.

Bell argues that his opportunity to challenge his conviction under § 2255 is ineffective because two previous petitions were summarily denied and he

cannot satisfy the certification requirement for filing a third, successive motion. [1]

"'Failure to obtain relief under § 2255 does not establish that the remedy so provided is either inadequate or ineffective,'" Bradshaw, 86 F.3d at 166 (quoting Williams v. United States, 323 F.2d 672, 673 (10th Cir. 1963)), neither does "the mere fact that [the petitioner] is precluded from filing a [successive] § 2255 petition." Caravalho v. Pugh, 177 F.3d 1177, 1179 (10th Cir. 1999).

Bell has not alleged any way in which § 2255 is a legally inadequate or ineffective avenue for testing his conviction. Therefore, the district court did not err in dismissing his § 2241 petition for the reasons stated in its order and judgment of dismissal, filed October 20, 1999. The judgment of the district court

---

[1] Section 2255 requires certification by a panel of the appropriate court of appeals that a second or successive motion contains

    (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or

    (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

is AFFIRMED.  Bell's motion to proceed on appeal in forma pauperis is

DENIED.  The mandate shall issue forthwith.


                                        Entered for the Court


                                        Wade Brorby
                                        Circuit Judge