**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**OCT 16 2001**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

CHRISTOPHER COLUMBUS
LEWIS,

        Petitioner-Appellant,

v.

RAY ANDREWS, Warden, Federal
Correctional Institution, Taft,
California,

        Respondent-Appellee.

No. 00-3346
(D.C. No. 99-CV-3176-DES)
(D. Kansas )

**ORDER AND JUDGMENT***

Before **HENRY, BRISCOE,** and **MURPHY**, Circuit Judges.

After examining the response brief and appellate record, this panel has

determined unanimously that oral argument would not materially assist the

determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).

The case is therefore ordered submitted without oral argument.

---

*     This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Christopher C. Lewis, a federal prisoner, appeals the district court order denying his petition for writ of habeas corpus under 28 U.S.C. § 2241.

Petitioner Lewis filed a § 2241 challenging the enhancement of his sentence by a state felony drug conviction. The district court denied the petition finding that he failed to establish that the remedy under 28 U.S.C. § 2255 is inadequate or ineffective. This timely appeal followed.

Because Petitioner is challenging the legality of his sentence, the district court correctly concluded that his petition should have been brought under § 2255 and not § 2241. It is well-settled that a motion under § 2255 is the exclusive remedy for testing the validity of a judgment and sentence unless there is a showing that the remedy is inadequate or ineffective. *See Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996). Further, the remedy under § 2241 is not an additional, alternative, or supplemental remedy to that prescribed under § 2255. *Id.; Williams v. United States*, 323 F.2d 672, 673 (10th Cir. 1963), *cert. denied*, 377 U.S. 980 (1964).

Petitioner was ordered by this court to show cause why the district court order should not be summarily affirmed. In his response, he fails to demonstrate that the remedy under § 2255 is legally inadequate or ineffective. The § 2255 remedy is not inadequate or ineffective simply because § 2255 relief has previously been denied, *see Bradshaw,* 86 F.3d at 166, or because Petitioner has

2

been denied permission under the Antiterrorism and Effective Death Penalty Act to file a second or successive § 2255 motion. *See Charles v. Chandler*, 180 F.3d 753, 756 (6th Cir. 1999) (per curiam); *Caravalho v. Pugh*, 177 F.3d 1177, 1179 (10th Cir. 1999).

The district court's August 22, 2000 Order is AFFIRMED. The mandate will issue forthwith.

Entered for the Court

PER CURIAM