**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAR 27 2003**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

ARTURO MENDOZA,

Petitioner-Appellant,

v.

GARLAND JEFFERS, Warden, Cibola
County Correctional Center; UNITED
STATES OF AMERICA,

Respondents-Appellees.

No. 02-2183
(D.C. No. CIV-01-888-LH/DJS)
(D. N.M.)

---

**ORDER AND JUDGMENT** *

---

Before **LUCERO** , **McKAY** , and **BALDOCK** , Circuit Judges.

---

Arturo Mendoza appeals from the district court's denial of his writ of

habeas corpus, filed pursuant to 28 U.S.C. § 2241. We exercise jurisdiction under

28 U.S.C. §§ 1291 and 2253, and affirm.

---

* The case is unanimously ordered submitted without oral argument pursuant
to Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). This order and judgment is
not binding precedent, except under the doctrines of law of the case, res judicata,
and collateral estoppel. The court generally disfavors the citation of orders and
judgments; nevertheless, an order and judgment may be cited under the terms and
conditions of 10th Cir. R. 36.3.

# I

Mendoza pled guilty to conspiracy with intent to distribute cocaine, and was sentenced to 100 months' imprisonment. Judgment was entered on April 5, 1996; he did not appeal. Because Mendoza was sentenced before the effective date of the Antiterrorism and Effective Death Penalty Act, he had until April 2, 1997, to file a motion pursuant to 28 U.S.C. § 2255. See United States v. Hurst, ___ F.3d ___, No. 01-7057, slip op. at 8 n.4 (10th Cir. Mar. 21, 2003). Mendoza filed a § 2255 petition in the Western District of Texas on September 29, 1999, two and one-half years after the deadline. This petition was denied as untimely filed. In supplemental pleadings and in his motion to reconsider before the Texas district court, Mr. Mendoza contended that government interference caused his untimeliness. These arguments were considered and rejected, and the denial of § 2255 relief was affirmed on appeal.

Subsequently, Mendoza filed the instant § 2241 petition in the District of New Mexico. The district court concluded that, in light of the earlier denial of his § 2255 motion, Mr. Mendoza could not challenge the validity of his sentence or conviction via § 2241 unless he demonstrated that § 2255 is inadequate or ineffective to bring that challenge, and that he had not done so. See Bradshaw v. Story, 86 F.3d 164, 166 (10th Cir. 1996). It also ruled that he had not demonstrated actual innocence such that he could show a fundamental miscarriage

of justice if his claims were not considered on the merits. See Sellers v. Ward, 135 F.3d 1333, 1338 (10th Cir. 1998) (holding that, under the fundamental miscarriage of justice exception, "a petitioner otherwise subject to defenses of abusive or successive use of the writ may have his federal constitutional claim considered on the merits if he makes a proper showing of actual innocence").

During the pendency of this appeal, Mendoza was released and deported to Mexico. He must "continue to have a personal stake in the outcome" of this case in order to satisfy the case or controversy requirement of Article III, § 2 of the Constitution. Spencer v. Kemna, 523 U.S. 1, 7 (1998) (quotation omitted). We therefore consider whether a case or controversy continues to exist. Lopez v. Behles (In re Am. Ready Mix, Inc.), 14 F.3d 1497, 1499 (10th Cir. 1994) (stating that this court has an independent duty to examine its own jurisdiction).

Because Mendoza was still incarcerated when he filed his habeas petition, the "in custody" provision of § 2241 was satisfied. Riley v. INS, 310 F.3d 1253, 1256 (10th Cir. 2002). Mendoza's release from prison does not automatically moot his habeas petition. See Spencer, 523 U.S. at 7. However, to maintain his suit, he must demonstrate that collateral consequences of his incarceration exist—i.e., that there is "some concrete and continuing injury." Id. Mendoza's deportation also does not automatically moot his habeas appeal, subject to the

-3-

same requirement. See Riley, 310 F.3d at 1257 (applying the requirement to deportation-related habeas appeal).

In the instant case, there are collateral consequences arising out of Mendoza's conviction. His deportation alone satisfies that requirement. See Leitao v. Reno, 311 F.3d 453, 456 (1st Cir. 2002) (discussing repercussions resulting from deportation); Chong v. Dist. Dir., INS, 264 F.3d 378, 385 (3d Cir. 2001). Mendoza also faces other collateral consequences due to his conviction. See Spencer, 523 U.S. at 8 (noting deprivations imposed as a matter of law as a result of a criminal conviction). "[I]t is an obvious fact of life that most criminal convictions do in fact entail adverse collateral legal consequences." Id. at 12 (quotation omitted). Accordingly, we proceed to the merits of Mendoza's appeal.

## II

We review de novo the district court's § 2241 ruling. Bradshaw, 86 F.3d at 166. On appeal, Mendoza argues that the district court wrongly failed to (1) consider the facts underlying his habeas petition, (2) make findings of fact pertinent to his claims, and (3) reach conclusions of law regarding the legal theories he asserted in his habeas petition. We agree with the district court that Mendoza cannot assert his habeas claims in this § 2241 suit because he has not demonstrated that § 2255 would not provide him an adequate avenue of relief. See Caravalho v. Pugh, 177 F.3d 1177, 1178 (10th Cir. 1999) (noting that the

remedy under § 2255 has been found inadequate or ineffective "only in extremely limited circumstances"). Mendoza argues that he should be allowed to file his collateral attack under § 2241 because the district court wrongly concluded that his § 2255 motion was untimely. But the remedy afforded in § 2241 "is not an additional, alternative, or supplemental remedy, to the relief afforded by . . . § 2255." Williams v. United States, 323 F.2d 672, 673 (10th Cir. 1963). Further, the district court's denial of Mendoza's § 2255 motion does not demonstrate that § 2255's remedy is inadequate or ineffective. Id.

Mendoza also contends that a fundamental miscarriage of justice will result unless his claims are considered on their merits. We conclude that Mendoza has presented no "evidence of innocence so strong that a court cannot have confidence in the outcome of the [proceeding]." Sellers, 135 F.3d at 1338. Thus there is no fundamental miscarriage of justice.

### III

The judgment of the district court is **AFFIRMED**. The mandate shall issue forthwith.

Entered for the Court

Carlos F. Lucero
Circuit Judge

-5-