**F I L E D**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

BENNIE C. WILLIAMS,

      Petitioner - Appellant,

v.

EDWARD J. GALLEGOS, Warden,
USP-Leavenworth,

      Respondent - Appellee.

No. 05-3346
(D. Kansas)
(D.Ct. No. 05-CV-3256-RDR)

**ORDER AND JUDGMENT**[*]

Before **KELLY**, **O'BRIEN**, and **TYMKOVICH**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is

therefore ordered submitted without oral argument.

In 1995, Bennie C. Williams was convicted in the United States District

Court for the Northern District of Florida for conspiracy to possess with intent to

---

[*] This order and judgment is not binding precedent except under the doctrines of
law of the case, *res judicata* and collateral estoppel. The court generally disfavors the
citation of orders and judgments; nevertheless, an order and judgment may be cited under
the terms and conditions of 10th Cir. R. 36.3.

distribute cocaine and crack cocaine and sentenced to life imprisonment. His

conviction and sentence were affirmed by the eleventh circuit in 1997. In 1998,

he filed a writ of habeas corpus under 28 U.S.C. § 2255 in the Florida district

court claiming ineffective assistance of counsel and violation of due process. His

petition was denied. Williams now seeks habeas corpus relief under 28 U.S.C. §

2241,[1] alleging his sentence is unconstitutional under *Blakely v. Washington*, 542

U.S. 296 (2004), and *United States v. Booker*, 543 U.S. 220 (2005), because the

facts upon which the district court enhanced his sentence were not proven beyond

a reasonable doubt. The district court, *sua sponte*, issued an order requiring

Williams to show cause why his petition should not be dismissed for lack of

jurisdiction; specifically, it directed Williams to show why his remedy under 28

U.S.C. § 2255 "was inadequate or ineffective."[2] (R. Doc. 3.) In response,

Williams argued this case qualified for review under 28 U.S.C. § 2241 pursuant to

the savings clause found in 28 U.S.C. § 2255. The district court did not further

---

[1] Williams is confined at the federal penitentiary in Leavenworth, Kansas. Because he filed his § 2241 petition pro se, we construe it liberally. *Price v. Philpot*, 420 F.3d 1158, 1162 (10th Cir. 2005).

[2] 28 U.S.C. § 2255 provides:

An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

address its jurisdiction. Rather, it dismissed Williams' petition based on the fact that *Blakely* and *Booker* do not apply retroactively to convictions that were final at the time these cases were decided. *See United States v. Price*, 400 F.3d 844, 849 (10th Cir. 2005) (holding *Blakely* does not apply retroactively to convictions that were final when that case was decided on June 24, 2004) and *United States v. Bellamy*, 411 F.3d 1182 (10th Cir. 2005) (holding that *Booker*, does not apply retroactively to convictions that were final at the time it was decided on January 12, 2005).

A petition under 28 U.S.C. § 2255 attacks the legality of a prisoner's detention pursuant to a federal court judgment and must be filed in the district court that imposed the sentence. *Haugh v. Booker,* 210 F.3d 1147, 1149 (10th Cir. 2000). Section 2241 "is not an additional, alternative, or supplemental remedy to 28 U.S.C. § 2255." *Bradshaw v. Story,* 86 F.3d 164, 166 (10th Cir. 1996). *See Williams v. United States,* 323 F.2d 672, 673 (10th Cir. 1963). Rather, relief is available under 28 U.S.C. § 2241 only if Williams demonstrates the remedy under § 2255 is "inadequate or ineffective" to challenge the validity of his judgment or sentence. *Bradshaw,* 86 F.3d at 166. *See also Williams,* 323 F.2d at 673 (§ 2255 remedy "supplants habeas corpus, unless it is shown to be inadequate or ineffective to test the legality of the prisoner's detention.") The "[f]ailure to obtain relief under § 2255 does not establish that the remedy so

provided is either inadequate or ineffective." *Williams*, 323 F.2d at 673 (quotations omitted). Neither does the fact that Williams may be procedurally barred from bringing a second or successive petition under § 2255. *See Caravalho v. Pugh,* 177 F.3d 1177, 1179 (10th Cir. 1999).

Because Williams is attacking the legality of his sentence and has not demonstrated that the remedy under 28 U.S.C. § 2255 is "inadequate or ineffective," § 2255 is his exclusive remedy.[3] Consequently, the district court lacked jurisdiction to consider Williams' claim. We therefore **REMAND** this case to the district court for **DISMISSAL** due to lack of jurisdiction.

**Entered by the Court:**

**Terrence L. O'Brien**
United States Circuit Judge

---

[3] Because Williams has already filed a § 2255 petition, he would need to seek permission from the eleventh circuit prior to filing a second one. 28 U.S.C. § 2255.