**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**July 26, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

JAMES DAVID BLUE THUNDER,

Petitioner-Appellant,

v.

ALBERTO R. GONZALES,

Respondent-Appellee.[*]

No. 05-1386

(D. of Colo.)

(D.C. No. 05-CV-970-ZLW)

**ORDER AND JUDGMENT**[**]

Before **TACHA**, Chief Judge, **HARTZ**, and **TYMKOVICH**, Circuit Judges.[***]

Petitioner-Appellant James David Blue Thunder, a federal prisoner appearing pro se, appeals the dismissal of his 28 U.S.C. § 2241 petition. The district court ruled that Blue Thunder could not proceed under § 2241 because 28 U.S.C. § 2255 provided the appropriate remedy, and dismissed the motion. Blue

_____

[*] Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Respondent requests that Alberto R. Gonzales be substituted for John Ashcroft as the respondent in this case.

[**] This order is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders; nevertheless, an order may be cited under the terms and conditions of 10th Cir. R. 36.3.

[***] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

Thunder appeals and we AFFIRM for the same reasons relied upon by the district court.

In 1978, a federal jury in South Dakota convicted Blue Thunder of first degree murder and he was sentenced to life imprisonment. He is currently jailed at the Federal Correctional Institute in Florence, Colorado. Because of his frequent and frivolous filings attacking his conviction, the District of South Dakota recently barred Blue Thunder from filing any more documents concerning his criminal case. In response to this order, he filed a § 2241 petition challenging the validity of his sentence in the District of Columbia. That court subsequently transferred the petition to the District of Colorado.

We review the district court's dismissal of a § 2241 petition de novo, *see Broomes v. Ashcroft*, 358 F.3d 1251, 1255 (10th Cir. 2004), and construe liberally a pro se prisoner's pleadings on appeal. *See Haines v. Kerner*, 404 U.S. 519, 520–21 (1972).

It is well-established that a § 2241 petition attacks the *execution* of a sentence, while a § 2255 motion attacks the *validity* of a conviction and sentence. *Caravalho v. Pugh*, 177 F.3d 1177, 1178 (10th Cir. 1999). Section 2241 petitions, therefore, should be brought in the district where the prisoner is incarcerated, while § 2255 motions are to be brought in the district where the prisoner was sentenced. *Id.* Blue Thunder admittedly challenges the validity of his sentence, but nonetheless claims that his § 2241 motion is proper because he

has been barred from obtaining relief by the District Court of South Dakota. He asserts that he is merely trying to force that court to consider his Rule 60(b)(6) motion, alleging fraud on the court during his criminal trial. We find no merit to this argument.

A § 2241 petition does not act as an additional, alternative, or supplemental remedy whenever a petitioner fails to obtain relief under § 2255. *See id.*; *Williams v. United States*, 323 F.2d 672, 673 (10th Cir. 1963). Only when the remedy provided by § 2255 proves inadequate or ineffective can a petitioner bring a § 2241 motion challenging the validity of his sentence. *Caravalho*, 177 F.3d at 1178. An order barring a petitioner from filing any more court documents, when that petitioner has abused the system, neither renders § 2255 inadequate nor ineffective. *Cf. id.* (noting that a petitioner barred from filing a second or successive habeas motion under § 2255 does not establish that the remedy provided by § 2255 is inadequate or ineffective). If Blue Thunder disagrees with this characterization of his filing in South Dakota, his recourse is to appeal that order to the appropriate court, in this case the Eighth Circuit Court of Appeals. But, in any event, a § 2241 motion is not an avenue for Blue Thunder to circumvent the well-established rules for bringing a habeas petition challenging the validity of his sentence.

Blue Thunder also asserts we should allow his claim because failure to do so would produce a fundamental miscarriage of justice on the ground that he is

actually innocent of the charged crime. *See Hawkins v. Mullin*, 291 F.3d 658, 679 (10th Cir. 2002). "The exception is intended for those rare situations where the State has convicted the wrong person of the crime . . . or where it is evident that the law has made a mistake." *Beavers v. Saffle*, 216 F.3d 918, 923 (10th Cir. 2000) (internal quotation and marks omitted). To prevail, then, Blue Thunder must point us to evidence that affirmatively proves his innocence. *Phillips v. Ferguson*, 182 F.3d 769, 774 (10th Cir. 1999). We have carefully reviewed the record and find no evidence to suggest a different outcome at trial in light of the proffered evidence. *Id.*

Finally, for the first time on appeal, Blue Thunder asserts that the District Court of South Dakota never had jurisdiction to prosecute his case. He points us to *United States v. M.C.*, 311 F. Supp. 2d 1281, 1295–97 (D.N.M. 2004), where the District Court of New Mexico held that the land on which an Indian school was located did not constitute Indian land, and therefore dismissed a criminal indictment for lack of federal jurisdiction. Normally, we do not address issues not raised below; however, we briefly consider Blue Thunder's jurisdictional argument, which must be rejected because he has failed to create a sufficient factual record for us to address this issue. As best we can tell, the crime here was committed at an Indian school located squarely within the boundaries of Rosebud Indian Reservation in South Dakota. In *United States v. M.C.*, in contrast, the school, although run by the Bureau of Indian Affairs, was not located within the

-4-

confines of an Indian Reservation or otherwise on land set aside for the use of Indians as Indian country for purposes of 18 U.S.C. § 1151.[1]  *Id.* at 1282–83, 1295.  Therefore, the District Court of South Dakota had jurisdiction over Blue Thunder's criminal case.

Accordingly, we AFFIRM the district court's dismissal of Blue Thunder's § 2241 motion, GRANT his motion to supplement the record, GRANT his motion to expand the record on appeal, and DENY his motion to proceed *in forma pauperis.*

Entered for the Court

Timothy M. Tymkovich
Circuit Judge

---

[1] 18 U.S.C. § 1151 states in pertinent part:

[T]he term "Indian country" . . . means (a) all land within the limits of any Indian reservation under the jurisdiction of the United States Government . . . , (b) all dependent Indian communities within the borders of the United States whether within the original or subsequently acquired territory thereof, and whether within or without the limits of a state, and (c) all Indian allotments, the Indian titles to which have not been extinguished . . . .