**UNITED STATES COURT OF APPEALS**     June 14, 2011

**FOR THE TENTH CIRCUIT**

NEYEMBO MIKANDA,

        Petitioner-Appellant,

v.

PAUL A. KASTNER, Warden,

        Respondent-Appellee.

No. 10-6221
(D.C. No. 5:09-CV-00903-HE)
(W.D. Okla.)

## ORDER AND JUDGMENT[*]

Before **HOLMES** and **ANDERSON**, Circuit Judges, and **BRORBY**, Senior Circuit Judge.

Petitioner Neyembo Mikanda, a federal prisoner proceeding pro se, appeals from the dismissal of his petition for a writ of habeas corpus. We have jurisdiction under 28 U.S.C. § 1291 and affirm.

Mr. Mikanda was convicted in the United States District Court for the District of New Jersey on multiple charges involving false income tax returns. He

---

[*]    After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

was sentenced to eighty-four months' imprisonment, a three-year term of supervised release, and restitution of $216,983.35. He appealed his conviction to the United States Court of Appeals for the Third Circuit. While that appeal was pending, and while he was incarcerated at the Oklahoma City Federal Transfer Center (OCFTC), Mr. Mikanda filed his habeas petition in the United States District Court for the Western District of Oklahoma. In addition to challenging his conviction and sentence, he alleged that he was denied access to legal resources at the OCFTC.

The matter was referred to a magistrate judge, who ordered Mr. Mikanda to clarify his claims and to show cause why his petition, which the magistrate judge construed as one filed under 28 U.S.C. § 2241, should not be dismissed because adequate alternate remedies existed in the form of a direct appeal or a motion under 28 U.S.C. § 2255 filed in the sentencing court. The magistrate judge also informed Mr. Mikanda that if he wished to challenge the denial of access to legal resources, he must file an action under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), and identify the individuals who allegedly deprived him of a constitutional right. In response, Mr. Mikanda clarified that he sought release from custody under § 2241 and outlined his supporting arguments. He also discussed the denial of access to legal materials at the OCFTC, but he did not identify any defendants or invoke *Bivens*.

Concluding that Mr. Mikanda sought only his release from custody under § 2241, the magistrate judge issued a recommendation that the § 2241 petition be dismissed because the court lacked jurisdiction under that statute to consider a challenge to a federal conviction and sentence. As the magistrate judge explained, a § 2241 petition is the proper means for a federal prisoner to challenge the execution of a sentence. R. at 53-54 (citing *Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996)). However, § 2241 does not encompass claims that the conviction or sentence was unlawful; that type of claim is the province of either a direct appeal under § 1291 or a collateral attack under § 2255, the latter of which must be filed in the district that imposed the sentence. *See* R. at 53-54 (citing *United States v. Hayman*, 342 U.S. 205, 216 (1952); *Bradshaw*, 86 F.3d at 166). Further, a § 2255 motion is the exclusive means of collaterally attacking a federal conviction or sentence unless a petitioner can show that it is an inadequate or ineffective remedy. *See* R. at 54 (citing 28 U.S.C. § 2255; *Caravalho v. Pugh*, 177 F.3d 1177, 1178 (10th Cir. 1999); *Williams v. United States*, 323 F.2d 672, 673 (10th Cir. 1963)). The magistrate judge determined that Mr. Mikanda had not met his burden of showing that relief was unavailable under § 2255. Finally, the magistrate judge acknowledged the court's authority to transfer the petition to the proper forum in the interests of justice. However, the magistrate judge declined to recommend transfer to the District of New Jersey due

to Mr. Mikanda's pending direct appeal in the Third Circuit, which rendered a § 2255 motion premature.

The district court adopted the recommendation over Mr. Mikanda's objections, dismissed the petition without prejudice to filing a § 2255 motion, and entered a separate judgment. Mr. Mikanda then filed a post-judgment motion for "reconsideration" and a supporting brief in which he presented only the merits of his argument that his conviction and sentence were unlawful. *See* R. at 109-48. The district court summarily denied that motion.

This court's jurisdiction "is limited to final judgments or parts thereof that are designated in the notice of appeal." *Cunico v. Pueblo Sch. Dist. No. 60*, 917 F.2d 431, 444 (10th Cir. 1990). Mr. Mikanda's notice of appeal designates for appeal only "Document 29," which is the district court's order denying his post-judgment motion, not the underlying judgment. R. at 150. Further, no other documents filed within the time for taking an appeal serve as the functional equivalent of a notice of appeal from the underlying judgment. *See Smith v. Barry*, 502 U.S. 244, 248-49 (1992) ("If a document filed within the time specified by [appellate] Rule 4 gives the notice required by [appellate] Rule 3, it is effective as a notice of appeal."). Accordingly, we have jurisdiction to review only the court's order denying the post-judgment motion. Our review is for an abuse of discretion. *Loughridge v Chiles Power Supply Co.*, 431 F.3d 1268, 1286 (10th Cir. 2005).

In this court, Mr. Mikanda has filed a lengthy brief, but he has wholly failed to contest the district court's dismissal of his § 2241 petition or the court's refusal to reconsider that dismissal. Instead, as in his post-judgment motion, his arguments concern only the merits of his claim that his conviction and sentence are unlawful. Even taking into account that Mr. Mikanda is not represented by an attorney, his wholesale failure to present any argument regarding the district court's dismissal or denial of his post-judgment motion amounts to a forfeiture of his right to appellate review of those decisions. *See Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840-41 (10th Cir. 2005) (concluding that pro se appellant forfeited right to appellate review of dismissal of complaint because he did not present any reasoned arguments). Nonetheless, we have exercised our discretion to review the record and the applicable law, *see id.* at 841, and we see no error in the district court's handling of this case.

The judgment of the district court is AFFIRMED.

Entered for the Court

Stephen H. Anderson
Circuit Judge

-5-