FILED
United States Court of Appeals
Tenth Circuit

November 26, 2013

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

---

EARNEST D. JOHNSON,

        Petitioner - Appellant,

v.

UNITED STATES OF AMERICA, and
C. DANIELS, Warden,

        Respondents - Appellees.

No. 13-1384

(D.C. No. 1:13-CV-01915-LTB)

(D. of Colo.)

---

ORDER AND JUDGMENT[*]

---

Before **TYMKOVICH**, **ANDERSON**, and **BACHARACH**, Circuit Judges.[**]

---

       Earnest D. Johnson, a federal prisoner in Colorado, appeals the district

court's dismissal of his application for habeas relief under 28 U.S.C. § 2241. He

also seeks leave to proceed on appeal *in forma pauperis* (IFP). Exercising our

---

    [*] This order and judgment is not binding precedent except under the
doctrines of law of the case, res judicata and collateral estoppel. It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th
Cir. R. 32.1.

    [**] After examining the briefs and the appellate record, this three-judge
panel has determined unanimously that oral argument would not be of material
assistance in the determination of this appeal. *See* Fed. R. App. P. 34(a); 10th
Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

jurisdiction under 28 U.S.C. § 1291, we AFFIRM the district court's dismissal and DENY Johnson's application to proceed IFP.

## I. Background

Johnson was convicted in 2001 in the Southern District of Illinois on charges of aggravated bank robbery and using a firearm in the commission of a crime of violence. In July 2013, Johnson filed a petition seeking a writ of habeas corpus pursuant to § 2241 in the District of Colorado, the jurisdiction where he is serving his sentence. He claims that the sentencing court unlawfully enhanced his sentence based on uncharged conduct and that his incarceration is therefore unlawful.

The district court held Johnson could not pursue his claim under § 2241 and that he was limited to the remedies available under 28 U.S.C. § 2255, which are available to challenge the legality of the detention, namely sentencing error. Those remedies would have to be sought in the district which imposed the sentence. The district court also found that Johnson did not qualify for any exception that would have allowed him to bring his claim under § 2241. As a result, the district court dismissed Johnson's motion and his petition to proceed IFP. Johnson timely appealed.

## II. Analysis

This court reviews a district court's dismissal of a § 2241 petition de novo and reviews factual findings for clear error. *United States v. Miller*, 594 F.3d

1240, 1242 (10th Cir. 2010). Because Johnson is a federal prisoner seeking to proceed under § 2241, he does not need a certificate of appealability to appeal the district court's denial of his petition. *See McIntosh v. U.S. Parole Comm'n*, 115 F.3d 809, 810 n.1 (10th Cir. 1997).

Sections 2241 and 2255 serve distinct purposes and are not interchangeable. *See Caravalho v. Pugh*, 177 F.3d 1177, 1178 (10th Cir. 1999). A petition under § 2241 attacks the execution of a sentence, and not its validity. *See Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996). In contrast, a § 2255 petition attacks the legality of the judgment and sentence and must be filed in the district that imposed the sentence. *See id.* A § 2241 petition "is not an additional, alternative, or supplemental remedy" to § 2255. *Williams v. United States*, 323 F.2d 672, 673 (10th Cir. 1963) (per curiam), *cert. denied* 377 U.S. 980 (1964). Section 2241 is a remedy that is only available unless § 2255 is "inadequate or ineffective." *Johnson v. Taylor*, 347 F.2d 365, 366 (10th Cir. 1965).

Johnson attempts to attack the validity of his Illinois federal sentence under § 2241 based on the district court's alleged enhancement of his sentence for a crime of which he was never charged or convicted. Because he challenges the validity of his sentence, he is limited to remedies available under § 2255. *See Bradshaw*, 86 F.3d at 167 (petitioner's appropriate remedy was under § 2255 and

not § 2241 for sentencing court's alleged unconstitutional use of Illinois convictions to enhance his federal sentence).

Johnson also cannot show that a § 2255 motion is inadequate or ineffective. The mere fact that he is time-barred from bringing a § 2255 motion does not render § 2255 an inadequate remedy. *See Bradshaw*, 86 F.3d at 166 ("Failure to obtain relief under 2255 does not establish that the remedy so provided is either inadequate or ineffective." (quoting *Williams*, 323 F.2d at 673 (10th Cir. 1963)); *Sines v. Wilner*, 609 F.3d 1070, 1073 (10th Cir. 2010) (explaining that "[o]nly in rare instances will § 2255 fail as an adequate or effective remedy to challenge a conviction or the sentence imposed").

## III. Conclusion

The district court thus properly dismissed Johnson's § 2241 petition. We AFFIRM the judgment of the district court and DENY Johnson's motion to proceed IFP.

ENTERED FOR THE COURT

Timothy M. Tymkovich
Circuit Judge