**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**March 17, 2015**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

TRACY ALAN BARNETT,

        Petitioner-Appellant,

v.

C. MAYE, Warden,

        Respondent-Appellee.

No. 14-3188
(D.C. No. 5:13-CV-03203-RDR)
(D. of Kan.)

**ORDER AND JUDGMENT**[*]

Before **LUCERO**, **TYMKOVICH**, and **PHILLIPS**, Circuit Judges.[**]

Tracy Barnett appeals the district court's dismissal of his 28 U.S.C. § 2241 petition for a writ of habeas corpus. As the Kansas district court noted, 28 U.S.C. § 2255 is the exclusive remedy for testing the validity of a sentence unless the § 2255 mechanism is somehow inadequate or ineffective for that purpose. Barnett argued he had previously filed a motion under § 2255 in the District of Iowa and

---

[*] This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

that § 2255's remedy was inadequate because the Iowa court failed to address several of his claims.

The district court below concluded that § 2255 provided an adequate remedy because nothing in § 2255 prevented the Iowa district court from considering Barnett's claims—the problem, if any, was with the Iowa court's opinion. It thus concluded that it was without jurisdiction to consider Barnett's petition.

Because we agree with the district court that it lacked jurisdiction over the petition, we AFFIRM.

## I. Background

Tracy Barnett filed this petition for a writ of habeas corpus under 28 U.S.C. § 2241 in the District of Kansas. Although Barnett is currently confined at the United States Penitentiary in Leavenworth, Kansas, he was originally convicted of his underlying charges and sentenced in the District of Iowa in 2008.

After his direct appeal was denied, Barnett filed a motion in the District of Iowa under 28 U.S.C. § 2255 seeking relief from his sentence. Among other claims, Barnett argued that sentencing counsel had been ineffective for failing to object to a miscalculation in his guidelines sentencing range. Barnett also claimed that his appellate counsel had been ineffective for failing to raise the ineffective assistance of sentencing counsel issue.

In its order dismissing Barnett's § 2255 motion, the District of Iowa stated that "Each of the petitioner's ineffective assistance of counsel claims can be summarily rejected by the fact that the petitioner testified under oath that he was fully satisfied with the counsel, representation and advice of his attorney at the time he pled guilty." R. Vol. I, Doc. 2, at 5–6. The Eighth Circuit denied the resulting appeal without issuing an opinion.

Barnett then filed this petition under § 2241 in the District of Kansas. Prior to service, the District of Kansas dismissed the petition for lack of jurisdiction. As the district court noted, § 2255 prohibits district courts from hearing petitions under § 2241 unless the § 2255 mechanism is somehow inadequate and or ineffective for challenging the prisoner's confinement. In anticipation of this problem, Barnett argued that § 2255 had not provided an adequate remedy because neither the District of Iowa nor the Eighth Circuit had actually considered all of his alleged errors. More specifically, Barnett claims his statement that he was satisfied with counsel, which he made when pleading guilty, could not be the basis for finding that sentencing and appellate counsel were adequate. The district court here nonetheless found that § 2255 provided an adequate remedy because nothing in that section prevented the original district court from considering Barnett's claims. The court thus dismissed Barnett's petition for lack of jurisdiction.

## II. Discussion

A district court may not hear a petition for a writ of habeas corpus under § 2241 unless a motion under § 2255 would be "inadequate or ineffective to test the legality of the [petitioner's] detention." 28 U.S.C. § 2255(e). "Failure to obtain relief under § 2255 does not establish that the remedy so provided is either inadequate or ineffective." *Williams v. United States*, 323 F.2d 672, 673 (10th Cir. 1963) (quoting *Overman v. United States*, 322 F.2d 649 (10th Cir. 1963) (internal quotation marks omitted)). Rather, as this court established in *Prost v. Anderson*, "[t]he relevant metric or measure . . . is whether a petitioner's argument challenging the legality of his detention could have been tested in an initial § 2255 motion. If the answer is yes, then the petitioner may not resort to the savings clause and § 2241." 636 F.3d 578, 584 (10th Cir. 2011).

Barnett argues the district court erred in determining that § 2255's saving clause should not be applied to his case. More specifically, he contends the district and appellate courts that heard his initial § 2255 petition failed either to consider or rule on several claims he presented in that petition. According to Barnett, the failure to consider his claims rendered § 2255 inadequate and ineffective and, thus, the District of Kansas has jurisdiction to consider his petition under § 2241.

We agree with the district court that it lacked jurisdiction to consider Barnett's petition. As this court has repeatedly made clear, § 2255's saving

clause concerns the adequacy of § 2255 itself, not the adequacy of another court's response to a particular § 2255 petition. Recognizing this, *Prost* establishes a straightforward test for determining when the saving clause applies: a prisoner can only bring a petition under § 2241 when his arguments "could [not] have been tested in an initial § 2255 motion." 636 F.3d at 584; *see also, e.g.*, *Abernathy v. Wandes*, 713 F.3d 538, 547 (10th Cir. 2013), *cert. denied*, 134 S. Ct. 1874 (2014) (applying *Prost*); *Williams*, 323 F.2d 673 (finding that the question is whether the remedy provided by § 2255 is adequate, not whether relief was actually obtained).

Here, Barnett complains the District of Iowa and the Eighth Circuit failed to address certain ineffective assistance of counsel arguments that he raised in his initial § 2255 motion. He does not, however, argue that anything in § 2255 precluded him from bringing those claims or prohibited the courts from hearing them. Courts routinely consider ineffective assistance claims under § 2255, and the petitioner admits that the District of Iowa considered at least some of the ineffective assistance claims he raised. As a result, we find that the remedies available to the petitioner under § 2255 were neither inadequate nor ineffective to test the validity of his sentence.[1]

The district court thus did not err in finding that it lacked jurisdiction over Barnett's petition.

---

[1] We have carefully considered Barnett's outstanding Motion for Judicial Notice of Adjudicate Facts. We deny that motion, although none of the facts offered in it would have changed our analysis in affirming the district court.

## III. Conclusion

The district court's order dismissing Barnett's petition for a writ of habeas corpus is AFFIRMED. We also GRANT Barnett's motion for leave to proceed in forma pauperis.

Entered for the Court,


Timothy M. Tymkovich
Circuit Judge