25 F.3d 1056
NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Henry R. DUMORNAY, Petitioner-Appellant,
v.
UNITED STATES of America, and William Perrill, Respondents-Appellees.
 No. 93-1402.
 United States Court of Appeals, Tenth Circuit.
 May 5, 1994.
 ORDER AND JUDGMENT[1]
 
 1
 Before BALDOCK and McKAY, Circuit Judges, and BROWN,** District Judge.
 
 
 2
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 3
 Petitioner-appellant Henry Robert Dumornay appeals the district court's dismissal of his petition for a writ of habeas corpus, brought pursuant to 28 U.S.C. 2241. Because Mr. Dumornay has not shown that his remedy under 28 U.S.C. 2255 was inadequate or ineffective, he is precluded from bringing this action under 2241, and we affirm.
 
 
 4
 In 1990, Mr. Dumornay pled guilty to a charge of distributing cocaine in violation of 21 U.S.C. 841(a)(1). His plea was accepted by the United States District Court for the District of Minnesota. Mr. Dumornay's sentence of 210 months' imprisonment was subsequently affirmed in United States v. Dumorney, 949 F.2d 997 (8th Cir.1991).
 
 
 5
 Mr. Dumornay brought a motion to vacate his sentence pursuant to 28 U.S.C. 2255 in the Minnesota federal court. His motion alleged that (1) his indictment was not supported by competent evidence; (2) the indictment was defective; (3) his plea was invalid; (4) the federal court was without jurisdiction; (5) his attorney was ineffective; and (6) the statutes were selectively enforced. R. I, doc. 1 at 4. Mr. Dumornay's 2255 motion was denied without a hearing. The denial was affirmed by the Eighth Circuit court of appeals. Appellant's Separate App. at A8.
 
 
 6
 Mr. Dumornay is currently incarcerated at the Federal Correctional Institute in Littleton, Colorado. In July 1993, he filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. 2241 in the United States District Court for the District of Colorado. The district court dismissed his petition on the ground that Mr. Dumornay failed to demonstrate that his remedy under 28 U.S.C. 2255 was inadequate or ineffective. This appeal followed.
 
 
 7
 The court reviews de novo the dismissal of a petition for a writ of habeas corpus. Tripati v. Henman, 843 F.2d 1160, 1162 (9th Cir.), cert. denied, 488 U.S. 982 (1988); see Martin v. Kaiser, 907 F.2d 931, 933 (10th Cir.1990) (when reviewing denial of petition for habeas corpus, conclusions of law reviewed de novo).
 
 
 8
 Section 2241 of Title 28 contains the traditional habeas corpus remedy, which permits a prisoner to collaterally attack the legality of his detention. See United States v. Hayman, 342 U.S. 205, 211-13 (1952). Until 1948, a federal prisoner who wished to challenge his conviction was required by 2241 to file a petition for habeas corpus relief in the district where he was confined. Because pertinent court records and witnesses were located in the sentencing district, however, it became impractical to require these petitions to be filed in the district of confinement. Congress therefore enacted 28 U.S.C. 2255, which allows prisoners to collaterally attack their convictions in the sentencing district. Id. at 213-19. The remedy provided by 2255 was intended to be as broad as that provided by the habeas corpus remedy. United States v. Addonizio, 442 U.S. 178, 185 (1979); Hayman, 342 U.S. at 219.
 
 
 9
 Because 2255 relief is as broad as that of habeas corpus, "it supplants habeas corpus, unless it is shown to be inadequate or ineffective to test the legality of the prisoner's detention." Williams v. United States, 323 F.2d 672, 673 (10th Cir.1963), cert. denied, 377 U.S. 980 (1964); see also Baker v. Sheriff of Santa Fe County, 477 F.2d 118, 119 (10th Cir.1973) ("A federal prisoner seeking relief from his federal sentence has Section 2255 as his exclusive remedy."). Section 2255 itself prohibits consideration of a prisoner's petition for a writ of habeas corpus if the sentencing court already denied a motion pursuant to 2255 "unless it also appears that the remedy by [2255] motion is inadequate or ineffective to test the legality of his detention."
 
 
 10
 The mere denial of a prisoner's 2255 motion by the sentencing court does not, in itself, demonstrate that the remedy is inadequate or ineffective. Williams, 323 F.2d at 673; see also Tripati, 843 F.2d at 1162. Mr. Dumornay argues, however, that his prior 2255 proceeding was inadequate or ineffective because he was not granted a hearing on his claims.
 
 
 11
 Section 2255 requires that a hearing be granted "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." See United States v. Marr, 856 F.2d 1471, 1472 (10th Cir.1988). Here, after reviewing portions of the record and the issues raised in Mr. Dumornay's 2255 motion, we conclude that Mr. Dumornay was not entitled to a hearing. The sufficiency of the indictment, the federal court's jurisdiction, the propriety of the alleged removal of Mr. Dumornay's case, and the existence of Rule 11 violations, could all be determined from the record and did not require an evidentiary hearing. Mr. Dumornay's claim that probable cause was not shown because the only testimony came from a non-eyewitness is incorrect as a matter of law. See Fed.R.Crim.P. 5.1(a) ("The finding of probable cause may be based upon hearsay evidence in whole or in part."). As these claims were without merit, Mr. Dumornay's attorney was not ineffective, as a matter of law, in failing to raise them. See Martin, 907 F.2d at 936 (holding that failure to brief meritless argument could not constitute ineffective assistance of counsel).
 
 
 12
 Because Mr. Dumornay was not entitled to an evidentiary hearing, the fact that he was not given such a hearing does not establish that the 2255 remedy was ineffective or inadequate. See Tripati, 843 F.2d at 162-63 (noting that district court's summary denial of motion without a hearing was not alone sufficient to show that 2255 remedy was inadequate). Therefore, the court did not err in dismissing Mr. Dumornay's 2241 petition for a writ of habeas corpus.
 
 
 13
 Mr. Dumornay's motion to file a separate appendix is GRANTED, and the judgment of the United States District Court for the District of Colorado is AFFIRMED. The mandate shall issue forthwith.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 **
 Honorable Wesley E. Brown, Senior District Judge, United States District Court for the District of Kansas, sitting by designation