

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

9-22-2005

# Paige v. Holt

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-3385

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"Paige v. Holt" (2005). *2005 Decisions.* Paper 506.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/506

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

APS-342                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 05-3385
_____

JAMES PAIGE,

Appellant

v.

RONALD HOLT, Warden, FCI-Schuylkill

_____

On Appeal From the United States District Court
For the Middle District of Pennsylvania
(D.C. Civ. No. 05-cv-01174)
District Judge: Honorable John E. Jones, III

_____

Submitted For Possible Summary Action Under Third Circuit LAR 27.4 and I.O.P. 10.6
August 18, 2005

Present: SLOVITER, FUENTES AND NYGAARD, CIRCUIT JUDGES

(Filed: September 22, 2005)

_____

OPINION

_____

PER CURIAM

    James Paige, pro se, appeals an order of the United States District Court for the

Middle District of Pennsylvania dismissing his habeas petition filed pursuant to 28 U.S.C.

§ 2241 for lack of jurisdiction. We will affirm.

In 1990, in the United States District Court for the Eastern District of West Virginia, Paige pleaded guilty to one count of conspiracy to possess with intent to distribute crack cocaine. He was sentenced to 324 months' imprisonment. He did not file a direct appeal. He did, however, file a motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255, which was denied on the merits in 2002. Paige also filed an application for authorization to file a second or successive § 2255 motion, which the United States Court of Appeals for the Fourth Circuit denied earlier this year

In June 2005, Paige filed the instant petition pursuant to § 2241. He claims that he is actually innocent and that the sentencing court exceeded its authority in sentencing him because his indictment did not include the quantity of cocaine or the use of a firearm. The District Court dismissed Paige's petition on the basis that § 2255 was not inadequate, and the court, therefore, lacked jurisdiction to consider Paige's claims under § 2241. Paige timely appealed. We have jurisdiction pursuant to 28 U.S.C. § 1291. The Appellee has filed a motion for summary affirmance to which Paige has responded.

We agree with the District Court that Paige is not entitled to bring his claims under § 2241. His claims of actual innocence and improper sentencing place his petition squarely within the scope of § 2255. Section 2255 is not inadequate simply because AEDPA's gatekeeping restrictions prevent Paige from availing himself of it. See Cradle v. United States ex rel. Miner, 290 F.3d 536, 538-39 (3d Cir. 2002); In re Dorsainvil, 119 F.3d 245, 251 (3d Cir. 1997).

Summary action is appropriate if there is no substantial question on appeal. See Third Circuit LAR 27.4. For essentially the reasons set forth by the District Court, we will grant the Appellee's motion for summary affirmance. See Third Circuit I.O.P. 10.6.