**James RICE, Petitioner,**

v.

**John J. LAMANNA, Warden.**

**C.A. No. 4:05–3078–PMD.**

United States District Court,
D. South Carolina,
Florence Division.

April 21, 2006.

James Rice, Edgefield, SC, Pro se.

## ORDER

DUFFY, District Judge.

This matter is before the court upon Petitioner Rice's ("Rice") petition for habeas corpus relief pursuant to 28 U.S.C. § 2241. The Record contains a Report and Recommendation ("R & R") of a United States Magistrate Judge made in accordance with 28 U.S.C. § 636(b)(1)(B). The Magistrate Judge's R & R recommends dismissal of Rice's petition without prejudice. A party may object, in writing, to a R & R within ten days after being served with a copy of the R & R. 28 U.S.C. § 636(b)(1). Rice filed timely objections to the R & R.

## BACKGROUND

Petitioner Rice is a federal prisoner at the Federal Correctional Institute in Estill, South Carolina. The United States District Court for the Southern District of Florida entered Rice's conviction and sentence for violations of 21 U.S.C. §§ 841(a)(1) and 846, and 18 U.S.C. §§ 924(c) and 111. On appeal, the Eleventh Circuit Court of Appeals affirmed the conviction and sentence. Petitioner apparently has filed at least one motion to vacate, set aside, or correct a sentence pursuant to 28 U.S.C. § 2255.[1]

■ In his § 2241 petition,[2] Rice claims that the United States Attorney failed to file a written information prior to trial, as required by 21 U.S.C. § 851(a)(1).[3] Rice contends that this failure deprived the trial court of jurisdiction to sentence him. Rice also contends that "he is actually innocent of the sentence imposed." (Pet.'s Memo at 3.)

## STANDARD OF REVIEW

This court is charged with conducting a *de novo* review of any portion of the Magistrate Judge's R & R to which a specific objection is registered and may accept, reject, or modify, in whole or in part, the recommendations contained in that R & R. 28 U.S.C. § 636(b)(1). After a review of the entire record, the R & R, and Petitioner's objections, the court finds that the

---

1. On page 3 of his memorandum in support of his petition, Rice states: "Petitioner seeks to invoke this 'savings clause' as a means of presenting his § 851 claim to this district court. Petitioner maintains that the gatekeeping provisions—which concededly [sic] bar him from presenting his § 851 claim in a second or successive § 2255 motion—render § 2255 'inadequate or ineffective.' "

   (Pet.'s Memo at 3.)

2. Petitioner proceeds *pro se* in this matter, and therefore, his pleadings are held to less stringent standards than formal pleadings drafted by lawyers. *Haines v. Kerner,* 404 U.S. 519, 520–21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

3. 21 U.S.C. § 851(a)(1) provides the following:

   No person who stands convicted of an offense under this part shall be sentenced to increased punishment by reason of one or more prior convictions, unless before trial, or before entry of a plea of guilty, the United States attorney files an information with the court (and serves a copy of such information on the person or counsel for the person) stating in writing the previous convictions to be relied upon. Upon a showing by the United States attorney that facts regarding prior convictions could not with due diligence be obtained prior to trial or before entry of a plea of guilty, the court may postpone the trial or the taking of the plea of guilty for a reasonable period for the purpose of obtaining such facts. Clerical mistakes in the information may be amended at any time prior to the pronouncement of sentence.

Magistrate Judge fairly and accurately summarized the facts and applied the correct principles of law. Accordingly, the R & R is adopted in whole and incorporated into this Order.

### ANALYSIS

■ Unlike a § 2255 motion which is filed in the trial and sentencing court, a § 2241 petition is filed in the district where the petitioner is incarcerated. *See* 28 U.S.C. § 2241(a); *In re: Jones,* 226 F.3d 328, 332 (4th Cir.2000). Generally, a § 2241 petition "attacks the execution of a sentence rather than its validity," whereas a § 2255 motion "attacks the legality of detention." *Bradshaw v. Story,* 86 F.3d 164, 166 (10th Cir.1996); *see also United States v. Miller,* 871 F.2d 488, 489–90 (4th Cir.1989) (distinguishing between attacks to the "computation and execution of the sentence rather than the sentence itself"). Here, because Rice attacks the validity of his conviction and sentence, his claims are the type which normally should be brought under § 2255.

■ A district court is prohibited from entertaining an application for a writ of habeas corpus on behalf of a prisoner who is authorized to apply for relief by motion pursuant to § 2255 "if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief." 28 U.S.C. § 2255. However, § 2255 includes a savings clause, which permits a district court to consider a § 2241 petition challenging the validity of the prisoner's detention when § 2255 is "inadequate or ineffective to test the legality of ... detention." 28 U.S.C.A. § 2255; *Jones,* 226 F.3d at 333. Section 2255 is inadequate and ineffective to test the legality of a conviction when:

(1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction;

(2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

*Jones,* 226 F.3d at 333–34. However, section 2255 is not inadequate or ineffective merely because a prior motion has been unsuccessful or because the petitioner is unable to meet the gatekeeping requirements for filing a second or successive § 2255 motion. *See Jones,* 226 F.3d at 333 ("It is beyond question that § 2255 is not inadequate or ineffective merely because an individual is unable to obtain relief under that provision."). Petitioner bears the burden of coming forward with evidence affirmatively showing the inadequacy or ineffectiveness of § 2255.

■ Here, Rice claims that § 2255 is inadequate or ineffective because he is "actually innocent of the sentence imposed upon him." (Pet.'s Memo at 3.) However, as the Magistrate Judge concluded, Rice's bare allegations of actual innocence, unsupported by any new, reliable evidence, are not sufficient to place his petition within the scope of § 2241. Rather, his claims place his petition within the scope of § 2255, which is not inadequate or ineffective merely because the AEDPA's gatekeeping restrictions prevent Rice from using it. *See, e.g., Paige v. Holt,* 150 Fed. Appx. 141, 142 (3d Cir.2005) (unpublished) ("His claims of actual innocence and improper sentencing place his petition squarely within the scope of § 2255. Section 2255 is not inadequate simply because AEDPA's gatekeeping restrictions prevent Paige from availing himself."). Moreover, because Rice does not cite any new, retroactively applicable Supreme Court decision, he cannot satisfy any of

the requirements of § 2255's savings clause. Accordingly, Rice is not entitled to bring this action under § 2241.

## I. Rice's Objections to the R & R

Rice raises two main objections to the R & R. First, he objects to the delegation of this "true habeas corpus petition" to a Magistrate Judge and asserts that such delegation is unconstitutional (Obj. at 3.) Essentially, Rice argues that the Magistrate Judge lacked jurisdiction to consider this matter and that he did not consent to the Magistrate Judge's consideration of this matter. Second, Rice objects that he was not given notice beforehand of the Magistrate Judge's intent to construe his § 2241 claim as a § 2255 claim, as required by *United States v. Emmanuel,* 288 F.3d 644 (4th Cir.2002), and *Castro v. United States,* 540 U.S. 375, 383, 124 S.Ct. 786, 157 L.Ed.2d 778 (2003).

First, with respect to Rice's claim that the Magistrate Judge lacked jurisdiction to consider the matter, such objection is wholly without merit. *See* 28 U.S.C. § 636(b)(1)(B) ("[A] judge may designate a magistrate judge ... to submit to a judge of the court proposed findings of fact and recommendations for the disposition, by a judge of the court ... of applications for posttrial relief made by individuals convicted of criminal offenses and of prisoner petitions challenging conditions of confinement."). Here, § 636(b)(1)(B) clearly authorized the Magistrate Judge to review Rice's petition and submit findings and recommendations to the court.

Likewise, Rice's objection that he was not given notice beforehand of the Magistrate Judge's intent to construe his § 2241 petition as a § 2255 motion, in violation of

*Castro v. United States,* 540 U.S. 375, 377, 124 S.Ct. 786, 157 L.Ed.2d 778 (2003), and *United States v. Emmanuel,* 288 F.3d 644, 649 (4th Cir.2002), is without merit. *See Burns v. Lamanna,* 2006 WL 149060, *3 (D.S.C. Jan. 19, 2006) (finding the petitioner's objection that the court lacked authority to construe his § 2241 petition as a § 2255 without merit). In *Emmanuel,* the Fourth Circuit held that "if a prisoner files a motion that is not denominated a § 2255 motion and the court at its option prefers to convert it into the movant's *first* § 2255 motion, the court shall first advise the movant that it intends to so recharacterize the motion." 288 F.3d 644. (emphasis added). However, the Fourth Circuit stated: "We wish to stress that the notice requirements imposed in this opinion are based on the assumption that the recharacterization will have some adverse consequence on the movant. In cases where no adverse consequences will ensue, the district court need not give the movant any notice prior to proceeding with the recharacterization." *Id.* at 650.

Here, the court is not faced with construing Rice's § 2241 petition as his *first* § 2255 motion.[4] Also, because it is not his first § 2255 motion, no adverse consequences will ensue. Accordingly, Rice's objection that he was entitled to notice before the Magistrate Judge construed his § 2241 petition as a § 2255 motion is without merit. *See also Burns,* 2006 WL 149060 at *3. ("[T]he court does not dismiss Burns' petition on the basis that it is a successive § 2255 motion. Rather, Burns' petition is dismissed because he has failed to meet the requirements to proceed under § 2241.").

---

4. As previously mentioned, Rice states on page 3 of his § 2241 petition that he "seeks to invoke this 'savings clause' as a means of presenting his § 851 claim to this district court" because "the gatekeeping provisions— which concededly [sic] bar him from presenting his § 851 claim in a second or successive § 2255 motion—render § 2255 'inadequate or ineffective.' " ·(Memo at 3.)

## CONCLUSION

It is therefore **ORDERED,** for the foregoing reasons, that Rice's § 2241 petition is summarily **DISMISSED** without prejudice and without issuance and service of process.

**AND IT IS SO ORDERED.**

Report and Recommendation

ROGERS, United States Magistrate Judge.

## BACKGROUND OF THIS CASE

The petitioner is a federal inmate at FCI–Edgefield. He is serving a federal sentence for violating sections of the United States Code. Petitioner's conviction and sentence were entered in the United States District Court for the Southern District of Florida. The conviction was upheld on direct appeal by the United States Court of Appeals for the Eleventh Circuit. The petitioner has apparently filed at least one (1) motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 in the United States District Court for the Southern District of Florida[1].

In the § 2241 petition the petitioner raises one (1) ground. Specifically, the petitioner contends that the U.S. Attorney failed to file an information pursuant to 21 U.S.C. § 851(a)(1) prior to trial. Petitioner contends that the prosecution's failure to do so deprived the trial court of jurisdiction to sentence the petitioner. The petitioner also maintains that he is "actually innocent... of the sentence imposed."

## DISCUSSION

■ Under established local procedure in this judicial district, a careful review has been made of the *pro se* petition to the procedural provisions of 28 U.S.C. § 1915, 28 U.S.C. § 1915A, the Anti–Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), and other habeas corpus statutes. The review has been conducted in light of the following precedents: *Denton v. Hernandez,* 504 U.S. 25, 112 S.Ct. 1728, 118 L.Ed.2d 340 (1992); *Neitzke v. Williams,* 490 U.S. 319, 324–325, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989); *Haines v. Kerner,* 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972); *Nasim v. Warden, Maryland House of Correction,* 64 F.3d 951 (4th Cir.1995)(*en banc* ), *cert. denied, Nasim v. Warden, Maryland House of Correction,* 516 U.S. 1177, 116 S.Ct. 1273, 134 L.Ed.2d 219 (1996); *Todd v. Baskerville,* 712 F.2d 70 (4th Cir.1983); and *Boyce v. Alizaduh,* 595 F.2d 948 (4th Cir.1979)(recognizing the district court's authority to conduct an initial screening of a *pro se* filing).[2] *Pro se* complaints and petitions are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke,* 574 F.2d 1147, 1151 (4th Cir.), *cert. denied, Leeke v. Gordon,* 439 U.S. 970, 99 S.Ct. 464, 58 L.Ed.2d 431 (1978), and a federal district court is charged with liberally construing a complaint or petition filed by a *pro se* litigant to allow the development of a potentially meritorious case. *See Hughes v. Rowe,* 449 U.S. 5, 9–10 & n. 7, 101 S.Ct. 173, 66 L.Ed.2d 163 (1980)(*per curiam* ); and

---

1. The petitioner alleges on page three (3) of his memorandum in support of his petition: "Petitioner seeks to invoke this 'savings clause' as a means of presenting his § 851 claim to this district court. Petitioner maintains that the gatekeeping provisions—which concededly (sic) bar him from presenting his § 851 claim in a second or successive § 2255 motion—render § 2255 'inadequate or ineffective' ".

2. *Boyce* has been held by some authorities to have been abrogated in part, on other grounds, by *Neitzke v. Williams,* 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989)(insofar as *Neitzke* establishes that a complaint that fails to state a claim, under Federal Rule of Civil Procedure 12(b)(6), does not by definition merit *sua sponte* dismissal under 28 U.S.C. § 1915(e)(2)(B)(i) [formerly 28 U.S.C. § 1915(d) ], as "frivolous").

*Cruz v. Beto,* 405 U.S. 319, 92 S.Ct. 1079, 31 L.Ed.2d 263 (1972). When a federal court is evaluating a *pro se* complaint, petition, or pleading, the plaintiff's or petitioner's allegations are assumed to be true. *Fine v. City of New York,* 529 F.2d 70, 74 (2nd Cir.1975). However, even under this less stringent standard, the § 2241 petition, which raises claims under 28 U.S.C. § 2255, is subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Department of Social Services,* 901 F.2d 387 (4th Cir.1990).

■ The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the petitioner could prevail, it should do so, but a district court may not rewrite a petition or pleading to include claims that were never presented, *Barnett v. Hargett,* 174 F.3d 1128, 1133 (10th Cir.1999), or construct the petitioner's legal arguments for him, *Small v. Endicott,* 998 F.2d 411, 417–418 (7th Cir.1993), or "conjure up questions never squarely presented" to the court. *See Beaudett v. City of Hampton,* 775 F.2d 1274, 1278 (4th Cir.1985), *cert. denied,* 475 U.S. 1088, 106 S.Ct. 1475, 89 L.Ed.2d 729 (1986). "If the petition be frivolous or patently absurd on its face, entry of dismissal may be made on the court's own motion without even the necessity of requiring a responsive pleading from the government." *Raines v. United States,* 423 F.2d 526, 529 (4th Cir.1970).

Prior to enactment of 28 U.S.C. § 2255, the only way a federal prisoner could collaterally attack a federal conviction was through a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. *See Triestman v. United States,* 124 F.3d 361, 373 (2nd Cir.1997). In 1948, Congress enacted § 2255 primarily to serve as a more efficient and convenient substitute for the traditional habeas corpus remedy. *See In re Dorsainvil,* 119 F.3d 245, 249 (3rd Cir.1997)(collecting cases).

■ "[A] prisoner who challenges his federal conviction or sentence cannot use the federal habeas corpus statute at all but instead must proceed under 28 U.S.C. § 2255." *Waletzki v. Keohane,* 13 F.3d 1079, 1080, (7th Cir.1994). Since the petitioner is seeking relief from his conviction and sentence, the relief requested by the petitioner in the above-captioned matter is available, if at all, under 28 U.S.C. § 2255. *See United States v. Morehead,* 2000 WL 1788398 (N.D.Ill. Dec. 4, 2000):

Notwithstanding Bennett captioning this pleading under Federal Rule of Criminal Procedure 12(b)(2), this court must construe it as a motion attacking his sentence under 28 U.S.C. § 2255. Regardless of how a defendant captions a pleading, "any post-judgment motion in a criminal proceedings that fits the description of § 2255 ¶ 1 is a motion under § 2255...." *United States v. Evans,* 224 F.3d 670, 672 (7th Cir.2000). In the pleading at bar, Bennett argues that the court did not have jurisdiction over his criminal case, which is one of the bases for relief under § 2255 ¶ 1. Therefore, this court must construe this motion as a § 2255 motion.

*United States v. Morehead, supra.*

Congress enacted § 2255 "because pertinent court records and witnesses were located in the sentencing district (and it was) impractical to require these petitions to be filed in the district of confinement". *Dumornay v. United States,* 25 F.3d 1056 (Table), 1994 WL 170752 (10th Cir.1994). Thus, "the remedy provided by 2255 was intended to be as broad as that provided by the habeas corpus remedy". *Dumor-*

*nay, supra, citing United States v. Addonizio,* 442 U.S. 178, 185, 99 S.Ct. 2235, 60 L.Ed.2d 805 (1979). Since relief granted pursuant to § 2255 "is as broad as that of habeas corpus 'it supplants habeas corpus, unless it is shown to be inadequate or ineffective to test the legality of the prisoner's detention' ". *Dumornay, supra, citing Williams v. United States,* 323 F.2d 672, 673 (10th Cir.1963), *cert. denied,* 377 U.S. 980, 84 S.Ct. 1887, 12 L.Ed.2d 749 (1964). **If a prisoner's § 2255 motion is denied by a sentencing court, the denial itself is not sufficient to demonstrate that the § 2255 motion was inadequate, or ineffective.** *Williams, supra.*

■■■ Petitioner's unsupported statement that he "was/is actually innocent" of the crime for which he was convicted and sentenced does not require this Court to consider the merits of his Petition.[3] Cognizable claims of "actual innocence" are extremely rare and must be based on "factual innocence not mere legal insufficiency." *Bousley v. United States,* 523 U.S. 614, 623, 118 S.Ct. 1604, 140 L.Ed.2d 828 (1998). Prisoners such as Petitioner often assert "actual innocence" rather than, or in addition to, "inadequacy and ineffectiveness of remedy" in situations like the present, *i.e.,* where a direct appeal is unsuccessful (or the time for appeal has expired) and an initial section 2255 motion or section 2254 petition is also unsuccessful, but the petitioner wishes to file a second or successive writ to raise a "new" issue, or where he or she has committed a procedural default precluding one or more available remedies. In such cases, there is some authority for the proposition that if the petitioner cannot establish cause and prejudice for his or her failure to raise the

issues previously, he or she can still possibly obtain review of his or her additional constitutional claims by showing that his or her case ". . . falls within a narrow class of cases implicating a fundamental miscarriage of justice. Proving 'actual innocence' is a way to demonstrate that one's case falls within that narrow class." *Cornell v. Nix,* 119 F.3d 1329, 1333 (8th Cir.1997). However, in the present case, Petitioner's actual innocence claim is facially inadequate to require consideration because Petitioner does not allege that there is any new, reliable evidence of any type that was not presented in any of his prior court proceedings which supports his innocence of the charge. *See Schlup v. Delo,* 513 U.S. 298, 324, 115 S.Ct. 851, 130 L.Ed.2d 808 (1995) (to present a credible claim of actual innocence, petitioner must "support his allegations of constitutional error with new reliable **evidence**—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial"); *Thompson v. United States,* 211 F.3d 1270 (6th Cir.2000)(Table)(text available on Westlaw) (bare allegations of actual innocence as to the charge to which the Petitioner pleaded guilty are not facially adequate to invoke exceptional review of a conviction under § 2241). In sum, nothing in this case presents more than an unsupported allegation of "actual innocence" which requires this Court to "decline to address whether [Petitioner's] claim of 'actual innocence' allows [him] to bypass the gatekeeping requirements of the amended § 2255 and proceed with a § 2241 habeas corpus petition via § 2255's savings clause." *United States v. Lurie,* 207 F.3d 1075, 1077 n. 4 (8th Cir.2000).

---

**3.** This "actual innocence" assertion appears to the be the most recent "alternative" to the "inadequate and ineffective" remedy argument generally raised by prisoners such as Petitioner who, essentially, attempt to receive an improper "second bite of the apple" by filing section 2241 petitions collaterally attacking convictions and sentences following unsuccessful initial section 2255 motions.

 

In summary then, to the extent that the petitioner is alleging that he MUST be allowed to proceed under 28 U.S.C. Section 2241 because he would be without a remedy, his argument is misplaced. Congress saw fit to limit the availability of Section 2255 petitions, and the United States Supreme Court determined in *Felker v. Turpin*, 518 U.S. 651, 661–63, 116 S.Ct. 2333, 2339–40, 135 L.Ed.2d 827 (1996) that Congress was within its right to do so under the AEDPA. To determine that Congress limited the availability of Section 2255 on the one hand, but intended to allow petitioners the availability of the Writ under Section 2241 on the other hand, would clearly be contrary to the purpose of the AEDPA.

### RECOMMENDATION

Accordingly, it is recommended that the § 2241 petition be dismissed *without prejudice* and without requiring the respondent to file a return. *See Allen v. Perini*, 26 Ohio Misc. 149, 424 F.2d 134, 141 (6th Cir.)(federal district courts have duty to screen habeas corpus petitions and eliminate burden placed on respondents caused by ordering an unnecessary answer or return), *cert. denied, Allen v. Perini*, 400 U.S. 906, 91 S.Ct. 147, 27 L.Ed.2d 143 (1970) [Table]; *Toney v. Gammon*, 79 F.3d 693, 697 (8th Cir.1996)("However, a petition may be summarily dismissed if the record clearly indicates that the petitioner's claims are either barred from review or without merit."); *Baker v. Marshall*, 1995 WL 150451 (N.D.Cal., March 31, 1995) ("The District Court may enter an order for the summary dismissal of a habeas petition if it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in this Court."); and the Anti–Terrorism and Effective Death Penalty Act of 1996. The petitioner's attention is directed to the important notice on the next page.

January 6, 2006.