

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-21-2005

# USA v. Georgacarakos

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-2520

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"USA v. Georgacarakos" (2005). *2005 Decisions.* Paper 982.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/982

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 04-2520

UNITED STATES OF AMERICA

v.

PETER N. GEORGACARAKOS,
                                    Appellant

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA
D.C. Crim. No. 02-cr-00034-2
District Judge:  The Honorable James F. McClure, Jr.

Argued:  April 4, 2005

Before: BARRY, AMBRO, and COWEN, Circuit Judges

(Filed:  June 21, 2005 )

Ronald C. Travis, Esq. (Argued)
Rieders, Travis, Humphrey
Harris, Waters & Waffenschmidt
161 West Third Street
P.O. Box 215
Willimsport, PA   17703

Counsel for Appellant

Frederick E. Martin, Esq. (Argued)
Office of the United States Attorney
240 West Third Street
Suite 316
Williamsport, PA   17701

Counsel for Appellee

———————

OPINION

———————

BARRY, Circuit Judge

Because we write only for the benefit of the parties, our discussion will be limited to those facts necessary for the disposition of this appeal.  In November 1996, Peter Georgacarakos ("Georgacarakos") and Marek Kowaalski ("Kowaalski") were inmates at USP-Lewisburg and stabbed to death a fellow inmate, Randall Anderson ("Anderson"). An indictment was returned on February 13, 2002.[1]  On June 13, 2003, Kowaalski entered a plea of guilty to voluntary manslaughter and testified against Georgacarakos at his jury trial, which began in January 2004.  The jury found Georgacarakos guilty of murder in the second degree and he was subsequently sentenced to life in prison. He appeals.

We have jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742 and will affirm Georgacarakos' conviction,  We will, however, vacate his sentence and remand for

———————

[1]The indictment charged both defendants with premeditated murder and aiding and abetting a premeditated murder, in violation of 18 U.S.C. §§ 1111 and 2.

resentencing.

## I.

Georgacarakos raises ten issues on appeal.  We have carefully considered each of these issues and have heard oral argument.  Although none of the issues is ultimately meritorious, we will briefly address three of them.[2]

## A.    Government's Use of Georgacarakos' Silence

Georgacarkos' strongest argument, at least at first blush, is that his Fifth Amendment rights were violated when the prosecutor allegedly commented on his post-*Miranda* silence during an extensive cross-examination of him.  Two questions are challenged: "[W]hat did you share with the FBI in terms of information that night about your presence in Mr. Anderson's cell?"  and "Was this part of the trick, not to tell the FBI that you were involved in a self-defense situation?"  744a; *see* Appellant's Br. at 32.  Georgacarkos responded that he told the FBI agents "nothing" other than details about his religion and admitting the "obvious" about being found in cell B-206 on the night of the

---

[2]The remaining seven issues do not warrant discussion: (1) the extensive pre-indictment delay violated his due process rights; (2) because Kowaalski pled guilty to voluntary manslaughter under a defense of heat of passion, Georgacarakos was also only guilty of voluntary manslaughter, for "heat of passion for one is heat of passion for both"; (3) disclosure of a multi-page document violated the co-defendants' oral joint defense agreement; (4) Kowaalski's attorney should have turned over copies of his investigator's interviews because they were paid for with joint defense funds; (5) the District Court erroneously denied his Rule 29 motion at the conclusion of the government's case; (6) the "abnormality of the verdict form" warranted a new trial; and (7) the District Court erred in refusing to impose the death penalty.

murder.  Georgacarakos also challenges the prosecutor's comment during closing argument that Georgacarakos "told the FBI very little, and only what was convenient." (881a).  No objection was made either to the two questions on cross-examination or to the one comment on closing argument.  Thus, as Georgacarkos concedes, plain error applies.

Although the Supreme Court has held that a prosecutor may use a defendant's post-*Miranda* statements for impeachment purposes, *see Anderson v. Charles*, 447 U.S. 404, 408 (1980), it has also held that a prosecutor may not cross-examine a defendant about his post-*Miranda* silence.  *Doyle v. Ohio*, 426 U.S. 610, 611 (1976).  Georgacarakos claims there was a *Doyle* violation, while the government relies on the *Anderson* line of cases to argue that the prosecutor's questions and his comment were permissible.  *See, e.g., United States v. Johnson*, 302 F.3d 139 (3d Cir. 2003); *United States v. Agee*, 597 F.2d 350, 354 (3d Cir. 1979) (en banc) (it was the defendant's attempted deception, not his silence, that the prosecutor used to impeach the defendant).

As we emphasized in *Johnson*, "[I]t is important to evaluate the prosecutor's question in context."  302 F.3d at 144.  The context here is this.  When Georgacarakos encountered the FBI following the murder, he answered questions about his religion and the "obvious" fact of where he was found; he was not "silent."  So, when asked on cross-examination what he shared with the FBI about his presence in the cell, he admitted what he had said, but also said that he had told the FBI nothing about self-defense.  774a, 778a.  The prosecutor then asked if it was part of the "trick" not to tell the FBI that he was

4

"involved in a self-defense situation." 774a. This question was in direct response to Georgacarakos' repeated statements on direct examination – "we decided to try to trick the government by not letting on that that was what we were going to do," namely, that he and Kowaalski were not going to raise self-defense at the outset, 726a; "the trick was that we were gong to pretend . . . it wasn't us . . . you can't prove it was us. And that was the trick of it," 729a; [i]t was going to be a trick on the prosecutor, 730a; "[i]t was my trick, my idea," 732a. To ask whether it was "part of the trick, not to tell the FBI that [he was] involved in a self-defense situation" was perfectly appropriate. So, too, was the lone comment on summation.

But even if we assume some sort of *Doyle* violation, before an appellate court can correct an error not objected to at trial, the defendant has the burden of proving that the (1) error (2) was plain and (3) affected substantial rights. *United States v. Cotton*, 535 U.S. 625, 631 (2002). If the first three conditions are satisfied, we may notice the forfeited error in the rare case where the error "seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Id.* (quotations and citations omitted).

Georgacarakos has not produced any evidence to suggest that the government's improper use of his "silence" affected his substantial rights, i.e., altered the outcome of the trial. Accordingly, this argument is unavailing.

B. **Improper Jury Instruction**

Georgacarakos' only defense at trial was that he stabbed Anderson in response to

5

Anderson attacking Kowaalski. Georgacarakos contends that the District Court, therefore, committed a "clear error" when it instructed the jury that "heat of passion" was his alternative defense. Georgacarakos argues that "[t]he court advising jurors that [he] acted in the heat of passion was the functional equivalent of a directed verdict of guilty since the court's charge told the jurors that [he] conceded he was guilty of voluntary manslaughter." (Reply Brief at 14.) According to Georgacarakos, this mistaken instruction warrants a new trial because it undermined his actual defense.

Because Georgacarakos did not object to the jury instruction, this issue, as well, is reviewed for plain error. Georgacarakos is technically correct that he never raised a heat of passion defense at trial and that, therefore, the District Court erred when it told the jury that this was one of his defenses. We note, however, that wholly aside from his failure to object, "heat of passion" was referenced in the proposed instructions Georgacarakos himself submitted, 245a, as well as in the final written instructions, 891a, 823a, 824a, which presumably he had the opportunity to review and to which he could have objected prior to the actual charge being delivered. In any event, because Georgacarakos has not produced any persuasive evidence that the District Court's instruction affected his substantial rights, this argument, too, is unavailing.[3]

---

[3]Indeed, because Georgacarakos was found guilty of murder in the second degree, the jury never reached the issue of whether he was guilty of voluntary manslaughter.

## C.    Remand for Resentencing

Citing *Apprendi v. New Jersey*, 530 U.S. 466 (2000), *Blakely v. Washington*, ___ U.S. __, 124 S.Ct. 2531 (2004); and *United States v. Booker*, 543 __ U.S. __, 125 S.Ct. 738 (2005), Georgacarakos argues that he should not have been sentenced as a career offender pursuant to U.S.S.C. § 4A1.3.  In light of *United States v. Davis*, 397 F.3d 173 (3d Cir. 2005), and our determination that issues with respect to *Booker* are best determined by the District Court in the first instance, we will vacate the sentence and remand for resentencing in accordance with that opinion.

## II.

For the reasons set forth above, we will affirm the judgment of conviction, vacate the judgment of sentence, and remand for re-sentencing.