

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

7-16-2007

# USA v. Georgacarakos

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-2089

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"USA v. Georgacarakos" (2007). *2007 Decisions.* Paper 764.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/764

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 06-2089
_____

UNITED STATES OF AMERICA,

v.

PETER N. GEORGACARAKOS,

Appellant.


_____


On Appeal From the United States District Court
for the Middle District of Pennsylvania
(No. 02-cr-00034-2)
District Judge:  Honorable James F. McClure, Jr.

Submitted Under Third Circuit LAR 34.1(a)
May 22, 2007

Before: BARRY, CHAGARES and TASHIMA,* *Circuit Judges*

(Filed: July 16, 2007)
_____

OPINION OF THE COURT
_____

_____

   * The Honorable A. Wallace Tashima, Senior Circuit Judge of the United States
Court of Appeals for the Ninth Circuit, sitting by designation.

CHAGARES, *Circuit Judge*.

Because we write for the benefit of the parties alone, we include only those facts necessary for the disposition of this appeal.

In February 2004, a jury returned a guilty verdict, convicting appellant Peter N. Georgacarakos of second-degree murder for the stabbing death of a fellow prison inmate. Prior to trial, Georgacarakos's co-defendant, Marek Kowaalski, entered a plea of guilty to voluntary manslaughter and testified against Georgacarakos at trial. Georgacarakos was sentenced to life in prison and he appealed. On June 21, 2005, we affirmed the judgment of conviction, but remanded to the District Court for re-sentencing due in part to the intervening decision by the United States Supreme Court in United States v. Booker, 543 U.S. 220 (2005), as well as to address Georgacarakos's argument that he should not have been sentenced as a career offender pursuant to U.S.S.G. § 4A1.3. United States v. Georgacarakos, 138 Fed. Appx. 407, 410-11 (3d Cir. 2005).

On remand, the District Court reduced Georgacarakos's sentence from life imprisonment to 360 months, a sentence at the very minimum of the guideline range, after taking into consideration the noted disparity between his sentence and that of Kowaalski. Now, on appeal for the second time, Georgacarakos challenges rulings made by the District Court with respect to certain motions filed by Georgacarakos in anticipation of the re-sentencing, but Georgacarakos concedes that he does not challenge the 360-month sentence imposed. Letter from Ronald C. Travis, Esq. to the United States Court of

2

Appeals for the Third Circuit (August 22, 2006) ("Pursuant to a voicemail message I received on August 21st, an inquiry was made as to whether we were challenging the sentence which was imposed by the court. The appeal taken challenges the rulings the court made with respect to the motions filed in conjunction with the resentencing, not the sentence imposed itself.").

Specifically, Georgacarakos argues that the Order of Judgment of June 21, 2005 remanding his case for re-sentencing placed no limitations on the District Court.[1] Thus, the District Court was free to consider and decide any motions impacting the advisory guidelines sentencing range. In that regard, in November 2005, Georgacarakos filed a *pro se* motion to reduce his crime of conviction from second-degree murder to voluntary manslaughter. The District Court denied that motion on November 8, 2005. Georgacarakos then filed a *pro se* motion to reconsider, which was denied on November 28, 2005. In January 2006, through counsel, Georgacarakos filed another motion, this time seeking to vacate the second-degree murder conviction and to dismiss with prejudice the indictment on the basis of discriminatory prosecution. Georgacarakos also filed a motion seeking discovery vis à vis the selective prosecution motion. These motions were denied by the District Court on February 28, 2006. Finally, Georgacarakos filed a motion

---

[1] The Order of Judgment states in pertinent part: "On consideration whereof, it is now here ordered and adjudged by this Court that the judgment of conviction be and hereby is affirmed and the judgment of sentence be and hereby is vacated and this matter is remanded for resentencing. All of the above in accordance with the Opinion of the Court." (App. 8a-9a.)

3

seeking disclosure of investigative reports. The District Court likewise denied this motion. Essentially, the District Court denied the various motions because they were beyond the scope of the ordered remand.

We wholeheartedly disagree with Georgacarakos's characterization of the remand order as unlimited in scope. It clearly was not. As stated in the Opinion of the Court that accompanied the order, we expressly remanded for reconsideration of his sentence under the sentencing guidelines made advisory pursuant to Booker and to consider whether § 4A1.3 was applicable to Georgacarakos. At the sentencing hearing, the Court and counsel discussed the career offender objection. Given the opportunity to add to the record, counsel admittedly had nothing more persuasive in terms of arguments to present to the Court and the Court sustained its prior ruling, upholding Georgacarakos's status as a career offender. Georgacarakos does not challenge this ruling on appeal.

The District Court then heard from the parties, including Georgacarakos, regarding the imposition of a new sentence. Based on the now-advisory guidelines, taking into consideration the 28 U.S.C. § 3553(a) factors, including the disparity between the sentence Kowaalski received compared to Georgacarakos's previous sentence, the District Court reduced Georgacarakos's sentence from life imprisonment to 360 months. Georgacarakos does not challenge the reasonableness of this sentence on appeal.

We find no error with any of the District Court's rulings upon remand. Accordingly, we will affirm.