FILED
United States Court of Appeals
Tenth Circuit

February 27, 2012

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

PETER GEORGACARAKOS,

           Petitioner–Appellant,

v.

CHARLES DANIELS,

           Respondent–Appellee.

No. 11-1496

(D.C. No. 11-CV-02263-LTB)

(D. Colorado)

**ORDER AND JUDGMENT**[*]

Before **O'BRIEN**, **McKAY**, and **TYMKOVICH**, Circuit Judges.

After examining Plaintiff's brief and the appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). This case is therefore ordered submitted without oral argument.

Petitioner, a federal prisoner proceeding pro se, appeals the district court's dismissal of his 28 U.S.C. § 2241 habeas petition. Petitioner was convicted of second degree murder in the United States District Court for the Middle District

---

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

of Pennsylvania. The Third Circuit affirmed the conviction on direct appeal. *See*

*United States v. Georgacarakos*, 138 F. App'x 407 (3d Cir. 2005). After a

remand for resentencing, the Third Circuit affirmed Petitioner's sentence of 360

months in prison. *See United States v. Georgacarakos*, 229 F. App'x 189 (3d Cir.

2007). Petitioner filed a 28 U.S.C. § 2255 habeas petition to vacate his sentence

in the Pennsylvania court, and the district court denied his petition and request for

a certificate of appealability. The Third Circuit also denied his request for a

certificate of appealability. Petitioner then filed a Rule 60(b) motion attempting

to vacate the prior §2255 ruling in part because the statute of limitations for

second degree murder had expired before the indictment issued. The district

court treated this motion as a second or successive § 2255 petition and denied the

petition because Petitioner had failed to raise the issues on direct appeal. The

district court further held that Petitioner had waived his statute of limitations

argument when both Petitioner and the government sought the lesser included

offense of second degree murder instead of the original first degree murder

charge.

In this habeas petition, Petitioner again raises the argument the statute of

limitations for second degree murder expired before he was indicted. He argues

the Bureau of Prisons lacks authority to hold him in custody. We review de

novo the district court's denial of § 2241 habeas relief. *See Martinez v. Flowers*,

164 F.3d 1257, 1258 (10th Cir. 1998). A § 2241 petition is proper to challenge

the execution of a sentence.  *See Licon v. Ledezma*, 638 F.3d 1303, 1311 (10th Cir. 2011).  A § 2241 petition is not the appropriate vehicle to challenge the legality of a conviction or sentence.  *Id.*  In this case, the magistrate judge issued an order directing Petitioner to show cause why the court should not dismiss his petition because he has an adequate and effective remedy available pursuant to § 2255 in the sentencing court.  Petitioner responded that "[i]f the courts lacked jurisdiction to convict and sentence Petitioner, then the B.O.P. lacks jurisdiction to hold him."  (R. at 28 (capitalization omitted).)

Like the district court, we are not persuaded Petitioner's claim was an attack on the execution of his sentence rather than the legality of his conviction. Further, the fact Petitioner was denied § 2255 relief in the sentencing court does not demonstrate this remedy is inadequate or ineffective.  *See Williams v. United States*, 323 F.2d 672, 673 (10th Cir. 1963).  Therefore, for substantially the same reasons set forth in the district court's order, we **AFFIRM** the dismissal of this action.  Petitioner's motion to proceed *in forma pauperis* on appeal is **DENIED**.

ENTERED FOR THE COURT


Monroe G. McKay
Circuit Judge

-3-