Peter N. GEORGACARAKOS,
Petitioner–Appellant,

v.

Ray ORMOND, Warden, Respondent–
Appellee.

No. 16–6309

United States Court of Appeals,
Sixth Circuit.

August 11, 2017

Before: NORRIS, GIBBONS, and SUTTON, Circuit Judges.

## ORDER

Peter N. Georgacarakos, a federal prisoner proceeding pro se, appeals the judgment of the district court dismissing his 28 U.S.C. § 2241 petition for a writ of habeas corpus. This case has been referred to a panel of the court that, upon examination, unanimously agrees that oral argument is not needed. *See* Fed. R. App. P. 34(a).

In 2004, while incarcerated, Georgacarakos was found guilty of second-degree murder for the stabbing death of a fellow inmate. The United States District Court for the Middle District of Pennsylvania imposed a life term of imprisonment. On appeal, the Third Circuit Court of Appeals affirmed his conviction, but remanded for resentencing. *United States v. Georgacara-*

*kos*, 138 Fed.Appx. 407 (3d Cir. 2005). On remand, the district court reduced Georgacarakos's sentence to 360 months. Georgacarakos again appealed, and the appellate court affirmed. *United States v. Georgacarakos*, 229 Fed.Appx. 189 (3d Cir. 2007).

In 2007, Georgacarakos filed a 28 U.S.C. § 2255 motion to vacate, asserting that the government presented perjured testimony, committed *Brady [v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963)] violations, and engaged in selective prosecution. He also claimed that the jury should have been re-polled after the verdict and that one of his prior drug convictions—which was used to enhance his sentence—was unconstitutional. The district court denied the motion, and the Third Circuit Court of Appeals denied a certificate of appealability.

In 2011, Georgacarakos filed a § 2241 petition, claiming that his conviction and sentence were invalid because the statute of limitations for second-degree murder had expired before he was indicted. The district court dismissed the action on the basis that Georgacarakos had an adequate and effective remedy for his claims pursuant to 28 U.S.C. § 2255. The Tenth Circuit Court of Appeals affirmed. *Georgacarakos v. Daniels*, 464 Fed.Appx. 736 (10th Cir. 2012).

In his current § 2241 motion, Georgacarakos again challenged the statute of limitations for his prosecution for second-degree murder. He claimed that subject matter jurisdiction may be raised at any time and that, because he was housed at a prison with inadequate access to a law library, he was unable to previously discover the statute of limitations defense. He argued that he was indicted more than five years after the death of his fellow inmate and, once the jury returned a verdict of not guilty on first-degree murder, the trial court lost jurisdiction to sentence him to

second-degree murder, pursuant to 18 U.S.C. § 3282, which, he asserted, mandated an indictment for any non-capital offense within five years.

The district court screened the petition and determined that Georgacarakos's collateral challenge to his conviction and the imposition of his sentence, rather than to the manner in which his sentence was being served, was not permissible under § 2241 and should be brought under § 2255. The district court also concluded that Georgacarakos could not challenge the legality of his conviction through the "savings clause" of § 2255 because he failed to establish that his remedy under § 2255 was inadequate or ineffective or that he was actually innocent. The district court therefore dismissed Georgacarakos's § 2241 petition.

On appeal, Georgacarakos argues that his remedy under § 2255 is inadequate and ineffective because the Tenth Circuit failed to acknowledge his statute of limitations claim. He also seeks to proceed in forma pauperis on appeal. *See* Fed. R. App. P. 24(a)(5).

A § 2255 motion filed in the sentencing court is the presumptive means for a federal prisoner to challenge the legality of a conviction or sentence. *Davis v. United States*, 417 U.S. 333, 343, 94 S.Ct. 2298, 41 L.Ed.2d 109 (1974). On the other hand, a petitioner challenging the execution or manner in which his sentence is being served may bring a claim under § 2241. *United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001); *Charles v. Chandler*, 180 F.3d 753, 755-56 (6th Cir. 1999). Under highly exceptional circumstances, a federal prisoner may challenge the imposition of his sentence under § 2241, instead of § 2255, by way of the "savings clause" if he is able to establish that his remedy under § 2255 is "inadequate or ineffective to test the legality of his detention." 28

U.S.C. § 2255(e); *see also Charles*, 180 F.3d at 755. It is the prisoner's burden to prove that his remedy under § 2255 is inadequate or ineffective. *See Charles*, 180 F.3d at 756. We review de novo a district court's judgment dismissing a habeas corpus petition filed under 28 U.S.C. § 2241. *Peterman*, 249 F.3d at 461; *Charles*, 180 F.3d at 755.

■ The district court did not err in determining that Georgacarakos could not bring his jurisdictional challenge in a § 2241 petition. Georgacarakos's petition asserted that he was convicted in the absence of subject matter jurisdiction; thus, he was challenging the legality of his sentence and not its execution. Accordingly, he was required to establish that his § 2255 remedy was inadequate or ineffective.

■ Establishing that the § 2255 remedy is inadequate or ineffective is a high burden for a petitioner to meet—"[t]he circumstances in which § 2255 is inadequate and ineffective are narrow." *See Peterman*, 249 F.3d at 461. The inability to use § 2255 to challenge the legality of a defendant's detention is not enough to prove inadequacy or ineffectiveness. *Id.* Contrary to Georgacarakos's argument on appeal, the remedy under § 2255 is also not inadequate or ineffective simply because § 2255 relief has already been denied. *Charles*, 180 F.3d at 756. In fact, the only circumstance in which this court has found § 2255 to be an ineffective or inadequate remedy is when the petition stated a facially valid claim for actual innocence. *Wooten v. Cauley*, 677 F.3d 303, 307 (6th Cir. 2012). Georgacarakos has not set forth a claim of actual innocence and, in fact, does not dispute his involvement in the death of his fellow prisoner.

The motion to proceed in forma pauperis is **GRANTED** for the purposes of this appeal only. The judgment of the district court is **AFFIRMED**.