ALD-029                                                          **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-3279
_____

JAMES T. WILLIAMS,

                                                          Appellant

v.

UNITED STATES OF AMERICA
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(E.D. Pa. Civ. No. 5-13-cv-01743)
District Judge:  Honorable James Knoll Gardner

_____

Submitted for Possible Summary Action Pursuant
to Third Circuit L.A.R. 27.4 and I.O.P. 10.6
October 31, 2013

Before:  RENDELL, FISHER and GREENAWAY, JR., <u>Circuit Judges</u>

(Opinion filed: November 21, 2013)
_____

O P I N I O N
_____

PER CURIAM

        James Williams, a federal prisoner proceeding pro se, appeals an order of the

United States District Court for the Eastern District of Pennsylvania dismissing his

petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.  We will affirm.

Williams was convicted in 1996 of armed bank robbery and other offenses and was sentenced to 687 months in prison. We affirmed on direct appeal. In 1999, the District Court appointed counsel to assist with the preparation of a motion to vacate pursuant to 28 U.S.C. § 2255. Williams later moved to proceed pro se, which the District Court granted in part by allowing him to submit a list of supplemental issues for counsel to file by a certain deadline. Williams missed the deadline by about a year, and the District Court declined to reopen it to allow him to submit supplemental issues. Shortly afterward, the District Court denied Williams' § 2255 motion. We denied a certificate of appealability, noting that the District Court did not abuse its discretion in denying Williams a further opportunity to add claims to his § 2255 motion. United States v. Williams, No. 01-4125 (order entered on Sept. 24, 2002).

Since then, Williams has unsuccessfully challenged, in five motions and a mandamus petition, the District Court's decision to disallow his supplemental claims. He has also twice sought leave to file second or successive § 2255 motions raising claims that are essentially the same as those he sought to add to his original § 2255 motion. We denied the requests because the claims did not satisfy the standard for filing a second or successive § 2255 motion. We also noted in our order regarding the first request that Williams has persistently attempted to present the claims to the District Court despite the court's ruling that he waived the claims and our express agreement with that ruling. In re James T. Williams, No. 09-2422 (order entered on Aug. 7, 2009).

Earlier this year, Williams filed a habeas petition pursuant to 28 U.S.C. § 2241 challenging his 1996 conviction by claiming, among other things, that he is actually

innocent of the offenses, that he was denied effective assistance of counsel at trial, and that the prosecution committed acts of misconduct. The District Court dismissed the petition, and Williams appealed.

We agree with the District Court that Williams' § 2241petition was not viable. Williams explicitly challenged his convictions, and "[m]otions pursuant to 28 U.S.C. § 2255 are the presumptive means by which federal prisoners can challenge their convictions or sentences that are allegedly in violation of the Constitution." Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002). As the District Court noted, Williams could proceed with a § 2255 motion only with authorization from this Court – something he has not obtained. See Robinson v. Johnson, 313 F.3d 128, 139 (3d Cir. 2002).

Williams argues that the nature of his claims, which he perceives as "structural errors," and his inability to file pro se claims for his initial § 2255 motion should allow him to proceed via § 2241. Although a petitioner may challenge a conviction pursuant § 2241 if a § 2255 motion would be "inadequate or ineffective," a § 2255 motion is inadequate or ineffective "only where the petitioner demonstrates that some limitation of scope or procedure would prevent a § 2255 proceeding from affording him a full hearing and adjudication of his wrongful detention claim." Cradle v. United States, 290 F.3d 536, 538 (3d Cir. 2002) (per curiam). Williams has not made such a showing. Many of his claims are substantially similar to those he has attempted to present in the past. The facts that: (1) the District Court did not allow him to present the claims due to his failure to comply with the court-ordered deadline, and (2) he cannot satisfy the requirements to file a second or successive § 2255 motion are not grounds for invoking § 2241. Id. at 539

3

("[s]ection 2255 is not inadequate or ineffective merely because the sentencing court does not grant relief . . . or the petitioner is unable to meet the stringent gatekeeping requirements of the amended § 2255"). Moreover, Williams does not persuasively explain how any of his claims, which concern alleged errors at trial, might place him within the narrow ambit of the "safety valve" provided by § 2255(e). Finally, we note that Williams' claims of actual innocence and a miscarriage of justice are based on his assertion that the District Court committed a fundamental error when it denied him "his rightful access to 2255 [sic] pro se." We previously held that the District Court did not abuse its discretion in denying Williams the opportunity to present pro se claims. In any event, Williams' personal inability to use § 2255 does not render it inadequate or ineffective so as to make a § 2241 petition viable. Cradle, 290 F.3d at 538. Accordingly, we will summarily affirm the District Court's order. See 3d Cir.

4