**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**July 11, 2018**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

JAMES WILLIAMS,

    Petitioner - Appellant,

v.

JOE MOOREHEAD,

    Respondent - Appellee.

No. 17-1425
(D.C. No. 1:17-CV-02172-LTB)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **PHILLIPS**, **McKAY**, and **McHUGH**, Circuit Judges.
_____

James Williams, a federal prisoner in the custody of the Federal Bureau of

Prisons at the United States Penitentiary in Florence, Colorado, challenges the

statutory dismissal of his pro se 28 U.S.C. § 2241 petition.[1] He also moves to proceed

_in forma pauperis_. Because we agree with the district court that 28 U.S.C. § 2255 is

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. _See_ Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] Because Williams is pro se, we construe his pleadings liberally, but we don't assume an advocacy role on his behalf. _Hall v. Bellmon_, 935 F.2d 1106, 1110 (10th Cir. 1991).

an adequate and effective remedy for the claims Williams brought in his § 2241

petition, we affirm.

## BACKGROUND

In 1996, a jury convicted Williams of armed bank robbery, among other

federal offenses, and a judge sentenced him to 687 months in prison. On direct

appeal, the United States Court of Appeals for the Third Circuit affirmed his

convictions. The United States District Court for the Eastern District of Pennsylvania

then appointed Williams counsel to prepare a motion to vacate his sentence under 28

U.S.C. § 2255. Soon after, Williams "moved to proceed pro se, which the District

Court granted in part by allowing him to submit a list of supplemental issues for

counsel to file by a certain deadline." R. at 73. The district court denied his request in

part for security reasons, stating,

> [W]e find that defendant poses a high security risk and we will not
> allow him to move freely about the courtroom or have a pen or pencil in
> open court. . . . Defendant is a member of an extremist group and is
> presently on trial for murder. He has attacked witnesses in the past,
> suborned perjury, and otherwise obstructed justice and the proper
> functioning of the court. He will be permitted to present his *pro se*
> issues, but only through counsel.

*Id.* at 21 n.1. Williams missed the court's imposed supplemental-filing deadline by a

year, so the district court disallowed him from filing his pro se issues. Then the

district court denied his § 2255 motion and declined to grant a certificate of

appealability. *United States v. Williams*, 166 F. Supp. 2d 286, 309–310 (E.D. Pa.

2001). The Third Circuit followed suit, "noting that the District Court did not abuse

its discretion in denying Williams a further opportunity to add claims to his § 2255

2

motion." R. at 73; *see also Williams v. United States*, 542 F. App'x 97, 98 (3d Cir. Nov. 21, 2013).

Years later, on September 8, 2017, Williams filed a 28 U.S.C. § 2241 petition in the United States District Court for the District of Colorado. That petition alleged that the United States District Court for the Eastern District of Pennsylvania had erred (1) by violating his Sixth Amendment right to self-representation by obstructing "his one shot to seek redress or test the legality of his wrongful detention," R. at 6; (2) by violating his First Amendment right to access the courts by "preventing access to 2255 'Pro se' redress" for constitutional violations of *Brady v. Maryland*, 373 U.S. 83, 86 (1963), *id.*; and (3) by violating his Fifth Amendment right to conduct his own defense, each violation allegedly having occurred as part of his previous § 2255 proceeding.

A magistrate judge, relying on *Prost v. Anderson*, 636 F.3d 578, 584 (10th Cir. 2011), issued an order to show cause directing Williams to demonstrate that § 2255 was an inadequate or ineffective remedy for his claims. Williams responded to that order by reiterating his § 2241 petition's claims. But he also asserted his "actual innocence." R. at 86. And, he contended, because the court ruling on his § 2255 petition had failed to "adjudicate [his] timely filed meritorious Pro Se constitutional violation issues," § 2255 failed as a remedy. *Id.* at 89.

The District Court for the District of Colorado dismissed Williams's § 2241 petition for lack of statutory jurisdiction under *Abernathy v. Wandes*, 713 F.3d 538, 549, 557 (10th Cir. 2013), because Williams had failed to show § 2255 was an

3

inadequate or ineffective remedy. The court also denied Williams leave to proceed *in forma pauperis* on appeal, finding under "28 U.S.C. § 1915(a)(3) that any appeal from" its dismissal order "would not be taken in good faith." R. at 109 (citing *Coppedge v. United States*, 369 U.S. 438, 446–47 (1962)). Williams now appeals.

## DISCUSSION

We review de novo the district court's denial of Williams's § 2241 habeas petition. *Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996). "Congress has told us that federal prisoners challenging the validity of their convictions or sentences may seek and win relief only under the pathways prescribed by [28 U.S.C.] § 2255." *Prost*, 636 at 580. One exception exists. "[A] federal prisoner may resort to [28 U.S.C.] § 2241 to contest his conviction if . . . the § 2255 remedial mechanism is 'inadequate or ineffective to test the legality of his detention.'" *Id.* (quoting 28 U.S.C. § 2255(e)). But if a federal prisoner seeking relief under § 2241 fails to establish that § 2255 is an inadequate or ineffective remedy, the court lacks statutory jurisdiction to hear the prisoner's habeas claims. *Abernathy*, 713 F.3d at 557.

"A § 2255 petition attacks the legality of detention." *Bradshaw*, 86 F.3d at 166. In contrast, a 28 U.S.C. § 2241 petition "attacks the execution of a sentence." *Id.* Section 2241 "is not an additional, alternative, or supplemental remedy to" § 2255. *Id.* To seek redress under § 2241, a prisoner's opportunity to pursue his claims under § 2255 must be "genuinely absent." *Prost*, 636 F.3d at 588. And such an opportunity is genuinely absent where a petitioner's argument couldn't have been tested in an initial § 2255 motion. *See id.* at 584.

4

Here, Williams contends that by denying his motion to proceed pro se with his § 2255 petition, the Eastern District of Pennsylvania (1) kept him from making his chosen arguments in his initial § 2255 petition, which, as a practical matter, (2) also keeps him from filing a second or successive § 2255 petition to raise those arguments. But nothing suggests that Williams couldn't have made the same arguments now made as part of his initial § 2255 petition in the Eastern District of Pennsylvania. So the initial § 2255 petition wasn't an inadequate or ineffective remedy for his present grievances. *See Williams v. United States*, 323 F.2d 672, 673 (10th Cir. 1963) (determining that just because a petitioner's first § 2255 petition was unsuccessful doesn't mean § 2255 is an inadequate or ineffective remedy). And even if Williams is barred from raising his claims in a second or successive motion pursuant to § 2255, the remedy provided in § 2255 still isn't inadequate or ineffective. *Caravalho v. Pugh*, 177 F.3d 1177, 1179 (10th Cir. 1999).

Like the district court, we also conclude that Williams's appeal is frivolous. His motion to proceed *in forma pauperis* is denied. *McIntosh v. U.S. Parole Comm'n*, 115 F.3d 809, 812–13 (10th Cir. 1997).

## CONCLUSION

For the above reasons, we AFFIRM the district court's dismissal of Williams's

petition for lack of statutory jurisdiction and DENY Williams's motion to proceed *in forma pauperis*.

Entered for the Court


Gregory A. Phillips
Circuit Judge